

**U. S. Department of Justice**

United States Attorney
Northern District of Iowa

111 Seventh Avenue, SE   319-363-6333
Box 1   319-363-1990 (fax)
Cedar Rapids, IA 52401-   319-286-9258 (tty)
2101

August 18, 2021

Mr. Murdock Walker II, Esq.
Lowther, Walker LLC
101 Marietta Street, NW,
Suite 3325,
Atlanta, GA 30303

**Government Exhibit 1-Plea Hrg Case 20-CR-108-CJW**

Re: *United States v. Matthew Bridges*, 20-CR-00108-CJW

Dear Mr. Walker:

This letter will serve as a FIFTH memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Matthew Bridges, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on August 20, 2021, unless otherwise extended by the government. **The government has made four prior plea offers in this case.**

### CHARGES AND PENALTIES

1. \_MB\_ Defendant will plead guilty to Counts 1, 3 and 6 of the Indictment filed on Dec 15, 2020. Count 1 charges conspiracy to distribute 50 grams or more of actual (pure) methamphetamine, commonly called "ice" methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Counts 3 and 6 each charge defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. \_MB\_ Defendant understands that Count 1 of the Indictment is punishable by a mandatory minimum sentence of 10 years' imprisonment and the following maximum penalties: (1) not more than life imprisonment without the possibility of parole; (2) a fine of not more than $10,000,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of at least 5 years and up to life.

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 2

    3. \_MB\_ Defendant understands that Counts 3 and 6 of the Indictment are each punishable by the following maximum penalties: (1) not more than 10 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 3 years. Defendant also understands that if the court finds defendant has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e)(1), Counts 3 and 6 are each punishable by a mandatory minimum sentence of 15 years' imprisonment without the possibility of parole and the following maximum penalties: (1) not more than life imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 5 years.

    4. \_MB\_ Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

    5. \_MB\_ At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charges specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18 firearms-related or Title 21 drug-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

    6. \_MB\_ Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 3

7. __MB__ Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

## NON-COOPERATION

8. __MB__ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

9. __MB__ By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 4

    A. Between about 2019, and continuing to on or about February 16, 2020, two or more persons reached an agreement or understanding to distribute or possess with intent to distribute methamphetamine. Defendant voluntarily joined in the agreement, either at the time it was first reached or at some later time while it was still in effect. At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding, that is, to distribute or possess with intent to distribute methamphetamine. The quantity involved in the offense was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, which contained 50 grams or more of actual (pure) methamphetamine, commonly called "ice" methamphetamine.

    B. On January 3, 2020, and February 16, 2020, defendant knew he was previously convicted of the following felony offenses: (1) Burglary Third Degree, in the Iowa District Court for Hardin County, on or about January 5, 2010, in case number FECR012857; and (2) two counts of Using a Juvenile to Commit a Forcible Felony and one count of Conspiracy to Commit Robbery, in the Iowa District Court for Jasper County, on or about May 7, 2018, in case number FECR019734.

    C. On January 3, 2020, in the Northern District of Iowa, defendant knowingly possessed: (1) a CBC model 715T .22 caliber rifle bearing international serial number ending in 765; (2) a CBC model 715T .22 caliber rifle bearing international serial number ending in 732; and (3) a CBC model 715T .22 caliber rifle bearing international serial number ending in 842. These firearms had been manufactured outside the state of Iowa and had been transported across a state line, thereby affecting interstate commerce during or before defendant's possession of them. These firearms were capable of operating as designed to expel a projectile by operation of an explosion.

    D. On February 16, 2020, in the Northern District of Iowa, defendant knowingly possessed: (1) a Taurus 9mm model G3 handgun; and (2) a Taurus 9mm model G2C handgun. These firearms had been manufactured outside the state of Iowa and had been transported across a state line, thereby affecting interstate commerce during or before defendant's possession of them. These firearms were capable

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 5

> of operating as designed to expel a projectile by operation of an explosion.
>
> E. Beginning in late 2019, defendant became a source of supply for highly pure methamphetamine in the Iowa Falls area of Iowa. Defendant traveled with others, including K.L., N.F. and S.R., to meet with his source of supply, J.C., to pick up multiple pounds of ice methamphetamine on a regular/weekly basis. Defendant was fronted methamphetamine by his source of supply and fronted methamphetamine to his multiple customers so they could sell it in their areas, and then return funds to defendant. N.F. stated she maintained drug records for defendant on N.F.'s cellular telephone. S.R. stated he held drug proceeds and methamphetamine for defendant. In total, N.F. and S.R estimate defendant obtained at least 15-20 pounds of ice methamphetamine during the course of the conspiracy. **(at least 15-20 pounds (6.804-9.072 kilograms) ice methamphetamine).**
>
> F. On January 2, 2020, defendant gave approximately $1,000 to N.F. for her to purchase three firearms from a licensed dealer in Marshalltown, Iowa. Defendant accompanied N.F. along with S.R. to acquire the firearms. N.F. falsely claimed the firearms were being purchased for her, when in fact the firearms were for defendant. N.F. purchased the following firearms for defendant: (1) a CBC model 715T .22 caliber rifle bearing international serial number ending in 765; (2) a CBC model 715T .22 caliber rifle bearing international serial number ending in 732; and (3) a CBC model 715T .22 caliber rifle bearing international serial number ending in 842. After getting the firearms, defendant, S.R., N.F., and others went to defendant's residence in Mason City. There, defendant, S.R., and others handled the firearms and planned for the events of January 3, 2020.
>
> G. On the evening on January 3, 2020, defendant, S.R. and two other individuals went to the Agri-Pro warehouse in Iowa Falls, Iowa. Defendant and S.R. traveled in N.F.'s vehicle. Defendant and his associates parked there and were going to walk to K.L.'s house that was nearby. Defendant wanted to threaten or frighten K.L. because K.L. had previously traveled with defendant to acquire a substantial quantity of methamphetamine and had retained the methamphetamine in her purse instead of giving it to defendant.

    Although defendant had gotten the methamphetamine from K.L on or about January 2, 2020, defendant wanted to show K.L. that K.L. should not "mess with" defendant. Defendant brought three firearms with him, specifically (1) a CBC model 715T .22 caliber rifle bearing international serial number ending in 765; (2) a CBC model 715T .22 caliber rifle bearing international serial number ending in 732; and (3) a CBC model 715T .22 caliber rifle bearing international serial number ending in 842.

H. Iowa Falls police officers arrived on the scene as the group began to scatter. Iowa Falls Police arrested S.R. and found one of the firearms in his possession. The other two rifles were found on a porch of a nearby house where they were abandoned. When officers searched N.F.'s vehicle, they found 1.139 kilograms of ice methamphetamine with defendant's fingerprints on the drug packaging, and approximately $5,000 in U.S. currency.

I. On February 15, 2020, defendant, N.F., R.D. and K.D. traveled to Marshalltown, Iowa to a store to buy three handguns, a .38 caliber Ultralite revolver, a Taurus 9mm model G3 handgun; and a Taurus 9mm model G2C handgun. Defendant gave R.D the money to buy the handguns. R.D. filled out the required forms claiming the firearms were being purchased for R.D. and not defendant. Also, while in Marshalltown, defendant gave money to N.F. to purchase other items, including handcuffs, batons, tasers and pepper spray.

J. On February 15, 2020, Iowa Falls police officers were dispatched to the home of M.S. for a report of a home invasion. W.S. also lived at the residence. Defendant along with others went to the residence to confront W.S. over W.S. having defendant's cellular telephone. Defendant was accompanied by N.F. and K.D.. When defendant entered the residence, defendant confronted W.S. and the incident became physical when defendant struck W.S. with a collapsible police baton defendant brought with him. Defendant had the Ultralite .38 caliber handgun in a shoulder holster. This is one of the handguns that R.D. had purchased for defendant earlier in the day. During defendant's fight with W.S., the handgun fell out of defendant's holster, and defendant asked that someone get him the gun. Defendant and W.S. fought for control of the firearm, with W.S. ultimately gaining control. W.S. then demanded defendant leave the

      residence and shot at defendant twice. After defendant was grazed by the bullet, he left the area on foot. The police arrived and recovered the .38 caliber Ultralite revolver. As the officers were leaving, they saw a vehicle regularly driven by defendant parked less than a mile from W.S.'s residence.

  K. On February 16, 2020, Iowa Falls police officers saw the defendant driving the same vehicle they saw the night before. The officers stopped him, arrested him for his involvement in the home invasion the night before, and seized the vehicle to search it. The officers obtained a search warrant and searched the vehicle a couple of weeks later. During the search, officers recovered over 5 grams of ice methamphetamine, price tags from the three rifles purchases on January 2, 2020, and the price tags from the three handguns purchased on February 15, 2020, drug packaging materials and the two handguns, specifically: (1) a Taurus 9mm model G3 handgun; and (2) a Taurus 9mm model G2C handgun.

  L. While incarcerated in United States Marshals custody, defendant discussed his case with one or more individuals, in which defendant stated he was a big methamphetamine dealer making over $10,000 per week. Defendant also described that a large "football-sized" quantity of methamphetamine was seized from defendant's girlfriend's car. Defendant stated this methamphetamine was in a plastic and brown paper. Defendant admitted his fingerprints were found on the packaging materials.

## SENTENCING PROVISIONS

10. _____ Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

11. _____ During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee

concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

12. \_\_\_\_ The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

    A. **Base Offense Level – Drug Trafficking (Chapter 2):** For Count 1, pursuant to USSG §2D1.1, the United States asserts the appropriate base offense level is a **level 38** based upon defendant's involvement with at least 4.5 kilograms of ice methamphetamine, a Schedule II controlled substance. Defendant asserts the appropriate base offense level is a **level 34** based upon at least 500 grams of ice methamphetamine. The parties are free to present evidence and arguments to support their positions.

    B. **Dangerous Weapon (Specific Offense Characteristic):** The United States asserts a **two-level** upward adjustment is appropriate under USSG §2D1.1(b)(1) based on defendant's possession of a dangerous weapon. Defendant may litigate this issue.

    C. **Firearm Offense Level (Chapter 2):** For Counts 3 and 6, pursuant to USSG §2K2.1(a), the base offense level is at least **level 20**. Defendant is subject to a **two-level increase** for the number of firearms under USSG §2K2.1(b)(1), and a **four-level increase** for possession of the firearms in connection with another felony offense under USSG §2K2.1(b)(6)(B), specifically conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, going armed with intent (Iowa Code § 708.8), carrying weapons (Iowa Code § 724.4(1)), and assault with a dangerous weapon (Iowa Code § 708.1(2)(c)).

    D. **Role in the Offense (Chapter 3 adjustment):** The United States asserts that defendant was at least a manger or supervisor of a criminal activity that involved five or more participants (defendant, N.F., S.R., J.C., W.S., and a number of other drug traffickers) or was

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 9

> otherwise extensive, so a **three-level** upward adjustment for aggravating role in the offense is appropriate under USSG §3B1.1(b). Defendant may litigate this issue.
>
> ~~E. **Acceptance of Responsibility (Chapter 3 adjustment):** Defendant understands and agrees the United States has prepared for trial and defendant is not eligible for the additional level of acceptance of responsibility under USSG §3E1.1(b) as defendant did not timely notify authorities of defendant's intention to enter a guilty plea.~~
>
> F. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.
>
> G. No other agreements have been reached, and the parties are free to litigate in the district court any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction.

    13. \_\_\_\_ Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

    14. \_\_\_\_ The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 10

15. \_\_MB\_\_ Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

  A. The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and recommendations may be different from those of the parties to this agreement.

  B. The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

  C. The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the Court is authorized to order restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## CONDITIONS OF SUPERVISION

16. \_\_MB\_\_ If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

17. \_\_MB\_\_ Defendant agrees to pay a special assessment of $100 per count, for a total of $300, as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court."

18. \_\_MB\_\_ Defendant understands the Court may order defendant to pay restitution to all identifiable victims of the offenses to which defendant is pleading

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 11

guilty. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement to the victim. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by set-off of program payments, execution on exempt and non-exempt property or any other means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

19. \_\_MB\_\_ Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

20. \_\_MB\_\_ Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

21. \_MR\_ Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, and defendant's girlfriend's vehicle. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

22. \_MR\_ Defendant agrees to voluntarily disclose, forfeit, abandon, give up, and give away to the United States, or any law enforcement agency designated by the United States, prior to the date of sentencing herein, any right, title and interest defendant may have in property subject to forfeiture under the United States Code, including 21 U.S.C. §§ 853 and 881, and 18 U.S.C. §§ 924, 981 and 982, and any right, title and interest defendant may have in the following items:

  A. all controlled substances that have been possessed in violation of federal law, all raw materials, products, and equipment of any kind that are or have been used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of federal law;

  B. all property that is or has been used or intended for use as a container for the items referred to in subparagraph A;

  C. all conveyances, including aircraft, vehicles, or vessels, that are or have been used, or are intended for use, to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of items referred to in subparagraph A;

  D. all monies, negotiable instruments, securities, or other things of value, furnished or intended to be furnished by any person in exchange for a controlled substance in violation of federal drug laws, and all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of

    federal drug laws, specifically the currency seized on January 3, 2020, and from defendant's car seized on February 16, 2020;

E. all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements used, or intended to be used, in any manner or part to commit or to facilitate the commission of any violation of a federal drug law that is a felony;

F. any and all firearms and ammunition in defendant's care, custody or control during the time period of defendant's illegal conduct; and

G. any other property deemed forfeitable under the provisions of 21 U.S.C. § 853 and/or § 881.

H. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder seized on January 3, February 15, and February 16, 2020. This specifically includes, but is not limited to, the following:

    1. a CBC model 715T .22 caliber rifle bearing international serial number ending in 765;

    2. a CBC model 715T .22 caliber rifle bearing international serial number ending in 732;

    3. a CBC model 715T .22 caliber rifle bearing international serial number ending in 842;

    4. an Ultralite .38 caliber revolver;

    5. a Taurus 9mm model G3 handgun; and

    6. a Taurus 9mm model G2C handgun.

I. all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder presently in defendant's home, garage, place of business, rental storage facility, safety deposit box, or under defendant's control; and

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 14

      J.      all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder held by another person or entity for or at the request of defendant.

23. \_MB\_ If any of the property described in the above paragraphs, as a result of any act or omission of defendant:

      A.      cannot be located upon the exercise of due diligence;

      B.      has been transferred or sold to, or deposited with, a third party;

      C.      has been placed beyond the jurisdiction of the Court;

      D.      has been substantially diminished in value; or

      E.      has been commingled with other property that cannot be divided without difficulty;

defendant shall, prior to sentencing, provide payment to the government by cashier's or certified check up to the value of such property. Alternatively, defendant shall consent to an order of forfeiture of any other property up to the value of any such property.

24. \_MB\_ Within two weeks of signing this agreement, defendant agrees to provide the United States Attorney's Office for the Northern District of Iowa with written documentation of defendant's ownership or right, title, or interest in the aforementioned property. In the event defendant is unable to provide documentation of defendant's right, title, or interest in such property within two weeks of signing this agreement, defendant shall relinquish custody of that property to the United States at that time, or at any subsequent time agreed to by the United States, upon demand of the government.

25. \_MB\_ By this agreement defendant not only agrees to forfeit all interests in the property referred to in the above paragraphs, but agrees to take whatever steps are necessary to convey any and all of defendant's right, title, and interest in such property to the United States. These steps include, but are not limited to, the surrender of title, the signing of a quit claim deed, the signing of a consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing any other documents necessary to effectuate such transfers. Defendant agrees to execute the enclosed abandonment declaration for any firearms or ammunition and to return that

abandonment declaration with the signed copy of this agreement. Defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located. Defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those held or controlled by a nominee. Defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States before defendant's sentencing.

26. \_MB\_ Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

27. \_MB\_ Defendant agrees and understands that, should defendant fail to truthfully account for all of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

## GENERAL MATTERS

28. \_MB\_ Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

29. \_MB\_ If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 16

of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

30. \_\_\_\_ Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

31. \_\_\_\_ Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

32. \_\_\_\_ Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 17

asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

33. _MB_ Defendant acknowledges that all four prior plea offers have expired or been rejected. Defendant agrees defendant was notified of the plea offers and defendant had a full and complete opportunity to discuss these offers with defense counsel prior to the expiration or rejection date.

34. _MB_ Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

35. _MB_ Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

## VERIFICATION

36. _MB_ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 18

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

SEAN R. BERRY
Acting United States Attorney

By, s// Patrick J. Reinert

PATRICK J. REINERT
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Abandonment Declaration
Authorization to Release Credit Information
Consent to Proceed Before Magistrate Judge

Mr. Murdock Walker II, Esq.
*United States v. Matthew Bridges*
August 18, 2021
Page 19

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____  8-20-21            _____  8/31/2021
MATTHEW BRIDGES           Date               PATRICK J. REINERT        Dat
Defendant                                    Assistant United States Attorney

_____  08.31.21
MURDOCK WALKER II         Date
Attorney for Defendant