IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.                          No. CR20-0108-CJW

MATTHEW SHAWN VICTOR BRIDGES,      TRANSCRIPT OF
                                       PLEA TAKING

       Defendant.
_____/

       The Plea Taking held before the Honorable
Mark A. Roberts, Magistrate Judge of the United States
District Court for the Northern District of Iowa, at the
Federal Courthouse, 111 Seventh Avenue Southeast, Cedar
Rapids, Iowa, September 7, 2021, commencing at 1 p.m.

APPEARANCES

For the Plaintiff:    PATRICK REINERT, ESQ.
                    Assistant United States Attorney
                    111 Seventh Avenue Southeast
                    Cedar Rapids, IA 52401

For the Defendant:    MURDOCH WALKER, II, ESQ.
                    Lowther Walker LLC
                    Suite 3325
                    101 Marietta Street Northwest
                    Atlanta, GA  30303

Transcribed from      Shelly Semmler, RDR, CRR
digital recording by: 320 Sixth Street
                    Sioux City, IA 51101
                    (712) 233-3846

Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR  Document 162  Filed 03/22/23  Page 1 of 41

```
 1          (The following transcript was prepared from an audio
 2     recording.)
 3                         *  *  *  *
 4          THE COURT:  Please be seated.  The matter
 5     before the Court is United States versus Matthew Shawn
 6     Victor Bridges, Number 20-CR-108.  The United States is
 7     represented by Assistant United States Attorney Pat
 8     Reinert.  The defendant is here in person with his
 9     attorney, Murdoch Walker.  The matter comes on for a
10     change of plea.
11          Mr. Bridges, you've been charged by an indictment
12     that has six counts.  Count 1 charges you with conspiracy
13     to distribute a controlled substance.  Count 2 charges
14     you with possession with intent to distribute a
15     controlled substance.  Count 3 charges you with
16     possession of a firearm by a felon.  Count 4 charges you
17     with possession of a firearm by a felon; Count 5,
18     possession with intent to distribute a controlled
19     substance; and Count 6, possession of a firearm by a
20     felon.
21          Have you received a copy of the indictment, sir?
22               THE DEFENDANT:  Yes, sir.
23               THE COURT:  And I -- have you had a full
24     opportunity to discuss these charges in detail with
25     Mr. Walker?
```

*Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 2 of 41

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  I understand that you intend to

3    plead guilty to Counts 1, 3, and 6 today.  Is that

4    correct?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  You need to understand that I'm a

7    United States magistrate judge, and the case has also

8    been assigned to a United States District Court judge.

9    You have the right to have a district court judge preside

10   over your guilty plea proceeding.  I can preside over the

11   hearing today but only with your voluntary consent.  Is

12   it agreeable with you that I preside over the hearing?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Let the record also reflect that at

15   document number 136 of the Court's file is a written

16   consent to proceed before a magistrate judge that appears

17   to be signed by Mr. Bridges and Mr. Walker.

18      So, Mr. Bridges, with your consent, I will preside

19   over the hearing.  And during the hearing, I need to ask

20   you some questions, and your answers have to be under

21   oath.  So at this point I'm going to ask you to please

22   raise your right hand as best you can.

23         MATTHEW BRIDGES, DEFENDANT, SWORN

24         THE COURT:  You're now under oath.  If you

25   knowingly lie or make a false statement, the government

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 3 of 41

```
1    could charge you with the crimes of perjury or making a
2    false statement.  If you're convicted of one of those
3    crimes, you could be sentenced to a period of
4    imprisonment and fined.  Do you understand that?
5             THE DEFENDANT:  I do.
6             THE COURT:  It's important then that you answer
7    my questions truthfully because if you were to lie or
8    make a false statement today, the government could use
9    those very statements against you to charge you with
10   those offenses.  Do you understand that?
11            THE DEFENDANT:  I do.
12            THE COURT:  Now, the first few questions I have
13   for you, I don't mean to pry, but I do need to be sure
14   that you're in a mental state today where you can
15   voluntarily and knowingly enter a guilty plea.
16       Would you please state your full name.
17            THE DEFENDANT:  Matthew Shawn Victor Bridges.
18            THE COURT:  How old are you, Mr. Bridges?
19            THE DEFENDANT:  30.
20            THE COURT:  How far have you gone in school?
21            THE DEFENDANT:  Completed high school.
22            THE COURT:  Do you have any difficulty reading
23   or understanding the English language?
24            THE DEFENDANT:  No.
25            THE COURT:  Have you ever suffered from
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 4 of 41
to purchase a complete copy of the transcript.

1　depression, anxiety, or any other mental illness?

2　　　　　THE DEFENDANT:  Just anxiety.

3　　　　　THE COURT:  Do you think that would interfere

4　with your ability to understand the proceedings here

5　today?

6　　　　　THE DEFENDANT:  Absolutely not.

7　　　　　THE COURT:  Have you ever used illegal drugs or

8　abused alcohol?

9　　　　　THE DEFENDANT:  Yes.

10　　　　　THE COURT:  Do you think your prior drug or

11　alcohol use might affect your ability to understand the

12　proceedings here today?

13　　　　　THE DEFENDANT:  No.

14　　　　　THE COURT:  Are you taking any medication or

15　prescription drug for any mental or physical condition?

16　　　　　THE DEFENDANT:  Trazodone for sleep.

17　　　　　THE COURT:  Do you think that would interfere

18　with your ability to understand the proceedings here

19　today?

20　　　　　THE DEFENDANT:  No.

21　　　　　THE COURT:  Do you know of any reason that you

22　might have difficulty understanding these proceedings?

23　　　　　THE DEFENDANT:  I do not.

24　　　　　THE COURT:  It's important that you do

25　understand everything that we do here today.  So if there

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR    Document 162    Filed 03/22/23    Page 5 of 41

1   is something that you don't understand, would you please

2   stop me and let me know?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Also we're not in any hurry, so if

5   you do want to stop and visit with Mr. Walker about

6   anything that comes up, we'll certainly make time for you

7   to visit with him confidentially.

8       Mr. Walker, do you have any reason to believe that

9   Mr. Bridges is not competent to enter a guilty plea?

10           MR. WALKER:  No, Your Honor.

11           THE COURT:  At this point, Mr. Bridges, I need

12  to talk to you about all the rights that you'll be giving

13  up if you do plead guilty here today.

14      First of all, you don't have to plead guilty here

15  today.  You can go forward and have a trial on these

16  charges if you prefer.  Do you understand that?

17           THE DEFENDANT:  I do.

18           THE COURT:  You also have the right to have a

19  lawyer help and represent you during every stage of this

20  case.  In this case I understand that you hired

21  Mr. Walker to represent you.  But if you wanted to go to

22  trial and fight these charges and can no longer afford

23  his services, I would be happy to rep -- appoint an

24  attorney to represent you all the way through that trial

25  at no expense to you.  So your inability to retain an

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Please do not copy or redistribute this transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 6 of 41

 1  attorney shouldn't be any reason that you're pleading

 2  guilty here today.  Do you understand your right to an

 3  attorney?

 4          THE DEFENDANT:  I do.

 5          THE COURT:  Have you been generally satisfied

 6  with the services provided by Mr. Walker?

 7          THE DEFENDANT:  I have.

 8          THE COURT:  You also have the right to have a

 9  speedy and public trial before a jury of 12 people

10  selected from a cross-section of the community.

11      Both you and Mr. Walker would have a role in

12  selecting the people who would serve on that jury, and

13  those jurors would swear under oath to try your case

14  fairly based only on the evidence admitted at trial and

15  based on the law as given to them by the judge.

16      Any verdict by the jury would have to be unanimous,

17  which just means that all 12 people on that jury would

18  have to agree on the verdict.  Do you understand your

19  right to a jury trial?

20          THE DEFENDANT:  I do.

21          THE COURT:  There's also something called the

22  presumption of innocence.  That means if the case went to

23  trial, the judge would tell the jury that you're presumed

24  innocent of these charges, and that presumption of

25  innocence could only be overcome if the government

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 7 of 41

```
 1   produced evidence that proved your guilt beyond a
 2   reasonable doubt.  In fact, the trial judge would tell
 3   the jury that that presumption of innocence alone could
 4   be enough for you to be found not guilty.  Do you
 5   understand that?
 6              THE DEFENDANT:  I do.
 7              THE COURT:  You also have the right to
 8   confrontation.  That means if the case went to trial, the
 9   government would have to call its witnesses here in open
10   court.  You'd have a right to see those witnesses, and
11   they could see you.  You wouldn't have to confront those
12   witnesses if you didn't want to, but if you wanted to
13   challenge their testimonies, you could do so by having
14   Mr. Walker cross-examine them.  But if you plead guilty
15   here today, Mr. Bridges, you'll be giving up your right
16   to confront witnesses on these charges.  Do you
17   understand that?
18              THE DEFENDANT:  I do.
19              THE COURT:  You also have the right to present
20   a defense.  In a criminal case like this one, the burden
21   of proof is always on the government, and it would never
22   shift to you, so if your case went to trial, you wouldn't
23   have to produce any evidence if you didn't want to.  But
24   if you did want to present a defense, you could.  For
25   example, you could call witnesses, or you could offer
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 8 of 41

1  exhibits into evidence.  And if you couldn't afford to

2  have witnesses served with subpoenas or you couldn't

3  afford to have those witnesses travel here to the

4  courthouse, I'd make the government pay those expenses

5  for you.

6       But again, Mr. Bridges, if you plead guilty here

7  today, you'll be giving up your right to present a

8  defense to these charges.  Do you understand that?

9            THE DEFENDANT:  I do.

10            THE COURT:  Finally, you have the right to

11  remain silent.  You could testify at your trial if you

12  wanted to, but you wouldn't have to testify, and nobody

13  could make you testify.  And if you chose not to testify,

14  the prosecutor wouldn't say anything about that decision

15  to the jury, and the judge would instruct the jurors that

16  they could not take into account in any way or even

17  discuss among themselves the fact that you did not

18  testify in arriving at the verdict.  Do you understand

19  that?

20            THE DEFENDANT:  I do.

21            THE COURT:  In summary, Mr. Bridges, if you

22  plead guilty here today, there will be no trial.  You

23  will be found guilty based on your plea just as if there

24  had been a trial and just as if a jury had deliberated

25  and returned a guilty verdict against you.  Do you

1    understand that?

2              THE DEFENDANT:  I do.

3              THE COURT:  Now, before I can recommend that

4    the district court accept your guilty plea, I need to be

5    satisfied that you are, in fact, guilty as charged in the

6    indictment.  I'm going to go over the elements of each of

7    these three counts that you're pleading to.  In fact,

8    what I'll do is I'll read each of them twice.  The first

9    time I read one of these elements, I'll just ask you if

10   you understand it.  Then I'll read it again and find out

11   if you believe it's true.

12        With respect to Count 1 which charges you with

13   conspiracy to distribute a controlled substance, the

14   government would have to prove 3 things beyond a

15   reasonable doubt.  The first thing the government would

16   have to prove is that between about 2019 and February 16,

17   2020, 2 or more persons reached an agreement or

18   understanding to distribute or possess with intent to

19   distribute a controlled substance.  Do you understand the

20   first thing the government would have to prove?

21             THE DEFENDANT:  I do.

22             THE COURT:  Is it true that between 2019 and

23   February 16, 2020, 2 or more persons reached an agreement

24   or understanding to distribute or possess with intent to

25   distribute a controlled substance?

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 10 of 41

1          THE DEFENDANT:  Yeah.

2          THE COURT:  That's true?

3          THE DEFENDANT:  That's true.

4          THE COURT:  The second thing the government

5    would have to prove is that you voluntarily joined in the

6    agreement either at the time it was first reached or at

7    some later time while it was still in effect.  Do you

8    understand the second thing the government would have to

9    prove?

10          THE DEFENDANT:  I do.

11          THE COURT:  Is it true that you voluntarily

12    joined in the agreement either at the time it was first

13    reached or at some time later while it was still in

14    effect?

15          THE DEFENDANT:  It is.

16          THE COURT:  And then third, the government

17    would have to prove that at the time you joined in the

18    agreement or understanding you knew the purpose of the

19    agreement or understanding, that is, to distribute or

20    possess with intent to distribute a controlled substance.

21    Do you understand the third thing the government would

22    have to prove?

23          THE DEFENDANT:  I do.

24          THE COURT:  And is it true that at the time you

25    joined in the agreement or understanding you knew the

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 11 of 41

1  purpose of the agreement or understanding, that is, to

2  distribute or possess with intent to distribute a

3  controlled substance?

4          THE DEFENDANT:  It is.

5          THE COURT:  And also with respect to Count 1,

6  the government would have to prove a sentencing factor

7  beyond a reasonable doubt, that your offense involved 50

8  grams or more of actual pure methamphetamine, commonly

9  called ice methamphetamine.  Do you understand that

10  sentencing factor?

11          THE DEFENDANT:  I do.

12          THE COURT:  And is it true that your offense

13  involved 50 grams or more of actual pure methamphetamine,

14  commonly called ice methamphetamine?

15          THE DEFENDANT:  It is.

16          THE COURT:  Then with respect to Count 3 which

17  charges you with possession of a firearm by a felon, the

18  government would have to prove 3 things beyond a

19  reasonable doubt.  The first thing the government would

20  have to prove is that on or about January 3, 2020, in the

21  Northern District of Iowa, you knowingly possessed a

22  firearm, specifically, 1, a CBC model 715T 22-caliber

23  rifle bearing international serial number ending in 765;

24  number 2, a CBC model 715T 22-caliber rifle bearing

25  international serial number ending in 732; and, 3, a CBC

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 12 of 41

1  model 715T 22-caliber rifle bearing international serial
2  number ending in 842.  Do you understand the first thing
3  the government would have to prove?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Is it true that on or about January
6  3, 2020, in the Northern District of Iowa you knowingly
7  possessed a firearm, specifically, number 1, a CBC model
8  715T 22-caliber rifle bearing international serial number
9  ending in 765; number 2, a CBC model 715T 22-caliber
10  rifle bearing international serial number ending in 732;
11  and, 3, a CBC model 715, 20 -- T 22-caliber rifle bearing
12  international serial number ending in 842?  Is all of
13  that true?

14          THE DEFENDANT:  It's true.

15          THE COURT:  And then the second thing the
16  government would have to prove, that at the time you
17  possessed that firear -- the firearms, I guess, you were
18  prohibited from possessing a firearm because you had
19  previously been and knew you had previously been
20  convicted of a crime punishable by a term exceeding one
21  year, specifically, and the first crime is burglary third
22  degree in the Iowa District Court for Hardin County on or
23  about January 5, 2020, in Case Number FECR012857; and,
24  number 2, two counts of using a juvenile to commit a
25  forcible felony and one count of conspiracy to commit

*Contact Shelly Semmler at 712-233-3840 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 13 of 41

robbery in the Iowa District Court for Jasper County on
or about May 7, 2018, in Case Number FECR019734.  Do you
understand the second thing the government would have to
prove?

THE DEFENDANT:  I do.

THE COURT:  Is it true that at the time you
possessed the firearms you were prohibited from
possessing a firearm because you had previously been and
knew you had previously been convicted of a crime
punishable by imprisonment for a term exceeding one year,
specifically, number one, burglary third degree in the
Iowa District Court for Hardin County on or about January
5, 2020, in Case Number --

MR. REINERT:  Your Honor, I believe it should
be 2010.

THE COURT:  I apologize if I misspoke.  So
burglary third degree in the Iowa District Court for
Hardin County on or about January 5, 2010, in Case Number
FECR012857; and, number 2, two counts of using a juvenile
to commit a forcible felony and one count of conspiracy
to commit robbery in the Iowa District Court for Jasper
County on or about May 7, 2018, in Case Number
FECR019734?  Is all of that true?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Finally, with respect to Count 3,

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 14 of 41

1  the government would have to prove that the firearms were

2  transported across a state line at some time during or

3  before you had possession of them.  Do you understand the

4  third thing the government would have to prove?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  That's usually pretty easy for the

7  government to prove here in the state of Iowa because

8  there aren't many firearms that are manufactured here.

9  Do you admit that the firearms were transported across a

10 state line at some time during or before you had

11 possession of them?

12         THE DEFENDANT:  I do.

13         THE COURT:  And then with respect to Count 6

14 that charges you with possession of a firearm by a felon,

15 the government would have to prove, again, 3 things

16 beyond a reasonable doubt.  The first is on or about

17 February 16, 2020, in the Northern District of Iowa you

18 knowingly possessed a firearm, specifically, number 1, a

19 Taurus 9-millimeter model G3 handgun, and, number 2, a

20 Taurus 9-millimeter model G2C handgun.  Do you understand

21 the first thing the government would have to prove?

22         THE DEFENDANT:  I do.

23         THE COURT:  And is it true that on or about

24 February 16, 2020, in the Northern District of Iowa you

25 knowingly possessed a firearm, specifically, number 1, a

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 15 of 41

1 Taurus 9-millimeter model G3 handgun, and, 2, a Taurus

2 9-millimeter model G2C handgun?

3         THE DEFENDANT:  It is.

4         THE COURT:  Now, the second element is I think

5 verbatim the one we just discussed above with respect to

6 Count 3, but I'm something of a creature of habit.  So if

7 you'll bear with me, I am going to go through that one

8 with you in its entirety.

9     The second thing the government would have to prove

10 is at the time you possessed the firearm you were

11 prohibited from possessing a firearm because you had

12 previously been and knew you had previously been

13 convicted of a crime punishable by imprisonment for a

14 term exceeding one year, specifically, number 1, burglary

15 third degree in the Iowa District Court for Hardin County

16 on or about January 5, 2010, in Case Number FECR012857;

17 and, number 2, two counts of using a juvenile to commit a

18 forcible felony and one count of conspiracy to commit

19 robbery in the Iowa District Court for Jasper County on

20 or about May 7, 2018, in Case Number FECR019734.  Do you

21 understand the second thing the government would have to

22 prove?

23         THE DEFENDANT:  I do.

24         THE COURT:  And is it true at the time you

25 possessed the firearm you were prohibited from possessing

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 16 of 41

1   a firearm because you had previously been and knew you

2   had previously been convicted of a crime punishable by

3   imprisonment for a term exceeding one year, specifically,

4   number 1, burglary third degree in the Iowa District

5   Court for Hardin County on or about January 5, 2010, in

6   Case Number FECR012857; and, number 2, two counts of

7   using a juvenile to commit a forcible felony and one

8   count of conspiracy to commit robbery in the Iowa

9   District Court for Jasper County on or about May 7, 2018,

10  in Case Number FECR019734?  Is all of that still true?

11           THE DEFENDANT:  It's true.

12           THE COURT:  And the third thing the government

13  would have to prove is, again, that the firearms were

14  transported across a state line at some time during or

15  before you had possession of them.  Do you understand the

16  third thing the government would have to prove?

17           THE DEFENDANT:  I do.

18           THE COURT:  And do you admit that the firearms

19  were transported across a state line at some time during

20  or before you had possession of them?

21           THE DEFENDANT:  I do.

22           THE COURT:  Now, the parties have entered into

23  a plea agreement in this case.  It's in the form of a

24  August 18, 2021, letter to Mr. Walker from Mr. Reinert.

25  It's been marked as Government's Exhibit 1.

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 17 of 41
to purchase a complete copy of the transcript

1          Is that being offered into evidence at this time?

2               MR. REINERT:  Yes, Your Honor.

3                    *   *   *   *

4          (Government Exhibit 1 was offered.)

5                    *   *   *   *

6               THE COURT:  Any objection?

7               MR. WALKER:  No, Your Honor.

8               THE COURT:  Government's Exhibit 1 is admitted.

9                    *   *   *   *

10         (Government Exhibit 1 was admitted.)

11                   *   *   *   *

12              THE COURT:  Before I discuss this further with

13    Mr. Bridges, I have a question about a couple of

14    notations that perhaps we need some record on or at least

15    I need some clarification.

16         Mr. Reinert, if you look at page 7, 9L, there's a

17    question mark written there.  And I wonder if you could

18    explain that to me or what your understanding of what the

19    purpose of that is or if we need to clarify anything

20    about that.

21              MR. REINERT:  It was my understanding, Your

22    Honor, from talking to counsel that that was a question

23    mark put by the defendant as he was reviewing the

24    agreement mostly to flag it as a matter he wanted to talk

25    with his attorney about and have his attorney talk to me

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 18 of 41

1   about.  But ultimately it was initialed and agreed to as

2   being factually true is my understanding.

3           THE COURT:  Okay.  And is that your

4   understanding also, Mr. Walker?

5           MR. WALKER:  Yes, Your Honor.  My office is

6   obviously based out of Atlanta, Your Honor.  He's

7   incarcerated.  So the communications -- that was a way

8   that he had flagged something for me to discuss with him

9   and then subsequently discuss with the government.

10          THE COURT:  And that's perfectly appropriate,

11  Mr. Walker.

12      And, Mr. Bridges, I just want to be sure that you

13  don't think later that because you put a question mark by

14  one of those provisions at some point that that's some

15  sort of technicality that will help you in the future get

16  out of any of the provisions.  You understand that?

17          THE DEFENDANT:  I do.

18          THE COURT:  And then another question I have

19  starting with you again, Mr. Reinert, it looks like

20  paragraph 12E with respect to acceptance of

21  responsibility has been X'ed out.  What's your

22  understanding of that?

23          MR. REINERT:  Well, Your Honor, that paragraph

24  was focused on the fact that we had prepared for trial

25  and the defendant was going -- in that paragraph we were

Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 19 of 41

```
 1  going to have the defendant agree that we had prepared
 2  for trial and that he was not eligible for the third
 3  level.  Defendant has crossed that section out, so there
 4  is no stipulation regarding whether he gets the third
 5  level for acceptance or not.  We'll have to cross that
 6  bridge when we get to it.
 7          THE COURT:  Okay.  So do you agree with that,
 8  Mr. Walker?
 9          MR. WALKER:  Yes, Your Honor.
10          THE COURT:  Okay.  So putting it in my own
11  words and hopefully you understand it this way too,
12  Mr. Bridges, that it's still a fighting issue at the time
13  of your sentencing whether you're going to get another
14  break in terms of what your sentence is because you may
15  not have timely accepted responsibility.  But the court
16  will have to take that up later.  There's not an
17  agreement about that.  Do you understand that?
18          THE DEFENDANT:  I do.
19          THE COURT:  If you could turn with me, please,
20  then, Mr. Bridges, to the very last page of the plea
21  agreement, I don't think we discussed this.  I want to
22  make sure this is your signature.  I think you'll see a
23  signature on the line for Matthew Bridges.  Is that your
24  signature?
25          THE DEFENDANT:  It is, Your Honor.
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
for a purchase of a complete copy of the transcript.

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 20 of 41

1          THE COURT:  Did you review the plea agreement
2    in detail in its entirety with Mr. Walker before you
3    signed it?
4          THE DEFENDANT:  I did.
5          THE COURT:  By signing it, did you intend to
6    indicate that you read, understood, and agreed to the
7    terms of the plea agreement?
8          THE DEFENDANT:  I did.
9          THE COURT:  Now, I don't want you to tell me
10   about your conversations in substance with Mr. Walker.
11   That's all privileged.  But I do want to make sure that
12   you believe that you had plenty of time to discuss this
13   in detail with him.  Do you believe you had a sufficient
14   opportunity to discuss the plea agreement in detail with
15   Mr. Walker before you signed it?
16         THE DEFENDANT:  I do.
17         THE COURT:  Do you also believe that you had
18   plenty of opportunity to ask him questions about it?
19         THE DEFENDANT:  I do.
20         THE COURT:  Was Mr. Walker able to answer all
21   of your questions to your satisfaction?
22         THE DEFENDANT:  He was.
23         THE COURT:  As we sit here today, do you have
24   any questions whatsoever about the plea agreement that
25   you entered into with the government?

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 21 of 41

```
 1            THE DEFENDANT:  I do not.

 2            THE COURT:  Now, the plea agreement does call

 3   for the dismissal of the charges you're not pleading to.

 4   That would be Counts 2, 4, and 5.  That has to be

 5   approved by the district court judge, and if the district

 6   court judge does not agree to dismiss those charges,

 7   you'll be allowed to withdraw your guilty plea to Counts

 8   1, 3, and 6.  Do you understand that?

 9            THE DEFENDANT:  I do.

10            THE COURT:  If you could turn then with me,

11   Mr. Bridges, in the plea agreement to page 3, you'll see

12   a section there called Stipulation of Facts that begins

13   with paragraph 9.  And it continues all the way to

14   paragraph 9L on page 7.  And next to each of those

15   paragraphs, I see some initials.  Are those your initials

16   in each of those places?

17            THE DEFENDANT:  They are, Your Honor.

18            THE COURT:  And by placing your initials there,

19   did you intend to indicate that the information contained

20   in those paragraphs is true and correct?

21            THE DEFENDANT:  Yes.

22            THE COURT:  I just noticed another little

23   question mark with respect to paragraph J on page 6.  I

24   take it that the same explanation applies, that that was

25   just something that Mr. Bridges flagged for you to
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 22 of 41

```
 1   address, Mr. Walker; is that correct?

 2            MR. WALKER:  Yes, Your Honor.

 3            THE COURT:  Do you understand that,

 4   Mr. Bridges?

 5            THE DEFENDANT:  Yes.

 6            THE COURT:  Okay.  In fact, throughout the plea

 7   agreement, where I see those little blanks, I see those

 8   same initials, M.B.  Are those your initials in each of

 9   those places?

10            THE DEFENDANT:  They are.

11            THE COURT:  Did you place your initials there

12   to indicate that you read, understood, and agreed to the

13   terms of each of those paragraphs?

14            THE DEFENDANT:  I did.

15            THE COURT:  Mr. Reinert, did I accurately

16   describe the elements of the charges?

17            MR. REINERT:  You have, Your Honor.

18            THE COURT:  Have I established an adequate

19   factual basis for the guilty plea?

20            MR. REINERT:  You have.

21            THE COURT:  Mr. Walker, do you think that

22   Mr. Bridges understands the elements of the charges

23   against him?

24            MR. WALKER:  Yes, Your Honor.

25            THE COURT:  Have I established an adequate
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 23 of 41

1    factual basis for the plea?

2              MR. WALKER:  Yes, Your Honor.

3              THE COURT:  Have you had full access to the

4    government's discovery materials?

5              MR. WALKER:  Yes, Your Honor.

6              THE COURT:  Do you believe they support a

7    factual basis for Mr. Bridges' guilty plea?

8              MR. WALKER:  Yes, Your Honor.

9              THE COURT:  Do you know any possible defense to

10   the charge that you have not considered and discussed

11   with him?

12             MR. WALKER:  No, Your Honor.

13             THE COURT:  Mr. Bridges, at this point I need

14   to talk to you about the penalties that apply in this

15   case.  I'm sure that's something that you and Mr. Walker

16   would have already visited about, and I know it's covered

17   by your plea agreement.  I just want to make sure for our

18   hearing today that you do understand what you're facing.

19        Count 1 of the indictment is punishable by a

20   mandatory minimum sentence of 10 years' imprisonment and

21   the following maximum penalties:  First, not more than

22   life imprisonment without the possibility of parole;

23   second, a fine of not more than 10 million dollars;

24   third, a mandatory special assessment of $100; and,

25   fourth, a term of supervised release of at least 5 years

1  and up to life.

2      Counts 3 and 6 are each punishable by the following

3  maximum penalties:  First, not more than 10 years'

4  imprisonment without the possibility of parole; second, a

5  fine of not more than $250,000; third, a mandatory

6  special assessment of $100; and, fourth, a term of

7  supervised release of not more than 3 years.

8      You should also understand that those penalties can

9  become more severe depending on your criminal history,

10  some of which we've already talked about here today.

11      Mr. Bridges, have you had a full opportunity to

12  discuss your entire criminal history in detail with

13  Mr. Walker?

14           THE DEFENDANT:  I have, Your Honor.

15           THE COURT:  Then I assume the two of you will

16  have some idea if these more serious penalties might come

17  into play, but I do think it's important for us to at

18  least touch on those.

19      If the court finds that you have three previous

20  convictions for a violent felony or serious drug offense

21  or both committed on occasions different from one

22  another, then Counts 3 and 6 are each punishable by a

23  mandatory minimum sentence of 15 years' imprisonment

24  without the possibility of parole and the following

25  maximum penalties:  First, not more than life

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 25 of 41

```
 1    imprisonment without the possibility of parole; second, a
 2    fine of not more than $250,000; third, a mandatory
 3    special assessment of $100; and, fourth, a term of
 4    supervised release of not more than 5 years.  Do you
 5    understand the minimum and maximum punishments which
 6    could be imposed in this case?
 7              THE DEFENDANT:  I do.
 8              THE COURT:  Now, at the time of your
 9    sentencing, the judge will perform a calculation under
10    the federal sentencing guidelines that are issued by the
11    United States Sentencing Commission.  And that
12    calculation will result in what's called an advisory
13    guideline range.  That's simply a range of months within
14    which the commission suggests that the judge should
15    sentence you based on your crime and your background.
16    The judge has to consider this advisory range in
17    determining your sentence, but the judge is not bound to
18    sentence you within that range.  That means the judge can
19    give you more time or less time, depart upward or
20    downward from the advisory guideline range, based on
21    factors listed in those guidelines and the sentencing
22    statutes.
23        So it's important for you to understand,
24    Mr. Bridges, that the sentence ultimately imposed by the
25    judge in your case could be different from what those
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 26 of 41

```
 1   guidelines suggest it should be, and it could be
 2   different from what Mr. Walker may have estimated or
 3   predicted that you would receive, and it could be all the
 4   way up to the statutory maximum sentence which in this
 5   case for Count 1 could be life imprisonment without the
 6   possibility of parole.  For Counts 3 and 6, it could be
 7   10 years' imprisonment without the possibility of parole
 8   for each of those crimes.  And if you have those three
 9   previous convictions we were talking about, you could be
10   facing life imprisonment on each of those counts.  Do you
11   understand that?
12             THE DEFENDANT:  I do.
13             THE COURT:  You should also understand that how
14   ever the guideline range is calculated and regardless of
15   whether the judge departs or varies from those
16   guidelines, that with respect to Count 1, the judge
17   cannot sentence you below 10 years' imprisonment because
18   that's the statutory mandatory minimum.  Do you
19   understand that?
20             THE DEFENDANT:  I do.
21             THE COURT:  And if you have those three
22   previous convictions, you could be facing statutory
23   mandatory minimums on Counts 3 and 6 of 10 years'
24   imprisonment without the possibility of parole.  Do you
25   understand that?
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 27 of 41

1          THE DEFENDANT:  I do.

2          THE COURT:  Now, I assume that you understand

3  what making sentences consecutive as opposed to

4  concurrent mean, but at the risk of offending you, I do

5  want to discuss it just briefly.  If any of these

6  sentences are run consecutively, that means one after the

7  other, so you're going to be in prison for a longer

8  period of time.  If they're run concurrently, then

9  they -- it would be a shorter period of time.  Do you

10  understand that?

11          THE DEFENDANT:  I do.

12          THE COURT:  You should understand that you will

13  be in custody for all of any prison sentence that you

14  receive reduced only by any credit that you might earn

15  for good behavior while you're in prison.  You can earn

16  some percentage off your sentence for good behavior, but

17  you won't be seeing a parole board, and you won't be

18  paroled early out of prison because there is no parole in

19  the federal court system.  Do you understand all that?

20          THE DEFENDANT:  I do.

21          THE COURT:  Are you a U.S. citizen?

22          THE DEFENDANT:  I am.

23          THE COURT:  This is a felony offense.  So as a

24  result of this conviction, you'll lose the right to vote,

25  to hold public office, to serve on a jury, and to possess

firearms and ammunition.  Do you understand the loss of
citizenship rights associated with a felony conviction?

THE DEFENDANT:  I do.

THE COURT:  Now, I mentioned that after you
served your prison sentence you'll be placed on
supervised release.  In your case it could be for the
rest of your life.  And during that time your conduct
will be monitored by a United States probation officer.

At the time of sentencing, the judge will impose
certain conditions on that supervised release.  There are
some standard conditions that apply in everybody's case,
things like you can't commit a federal, state, or a local
crime, and you can't possess or use controlled
substances.  The sentencing judge will likely impose some
other conditions on you as well.

So it's important for you to understand,
Mr. Bridges, that while you're on supervised release, you
have to comply with all of the terms of that supervised
release because if you violate any of them, the judge
could revoke that supervised release and send you back to
prison for all of the time you would otherwise be on
supervised release, and the judge doesn't have to give
you any credit for time that you might have served on
supervised release without having any violations.  Do you
understand that?

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
To purchase a complete copy of the transcript
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 29 of 41

```
 1            THE DEFENDANT:  I do.
 2            THE COURT:  Mr. Reinert, are you aware of other
 3   collateral consequences that could arise as a result of
 4   Mr. Bridges' guilty plea you'd like me to discuss with
 5   him?
 6            MR. REINERT:  No, Your Honor.
 7            THE COURT:  Mr. Bridges, if you plead guilty
 8   here today, I'm going to order a presentence
 9   investigation.  A probation officer will conduct a
10   thorough investigation of your case and your background
11   to draft a presentence investigation report.  It's my
12   understanding that's taking about 70 days to complete
13   those.  That might be something of a quiet period during
14   your case, and there might be fewer reasons for
15   Mr. Walker to have communication with you, but don't
16   worry.  Neither he nor the probation office will have
17   forgotten about you.  It just takes time to get those
18   reports together.
19            When you do get a copy of that report, it's
20   important that you go over it carefully with Mr. Walker
21   and that you point out any errors or omissions that you
22   might notice so that he can bring those to the attention
23   of the probation office and get them corrected because
24   when it comes time for your sentencing, the judge will
25   rely heavily on that report in trying to determine the
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 30 of 41

```
 1   most appropriate sentence for you.  So it's in your
 2   interest to make sure it's accurate.
 3        When that report's final, the court will schedule
 4   your sentencing hearing, and at that sentencing hearing,
 5   both you and the government can present evidence, and
 6   you'll be given a chance to talk directly to the judge,
 7   and you can tell the judge anything that you think is
 8   important to consider in determining your sentence.  Do
 9   you have any questions about the sentencing procedures
10   that would follow a guilty plea in this case?
11             THE DEFENDANT:  I do not.
12             THE COURT:  Both you and the government have
13   the right to appeal the sentence to the Eighth Circuit
14   Court of Appeals.  Do you have any questions regarding
15   your right to appeal?
16             THE DEFENDANT:  I do not.
17             THE COURT:  Mr. Bridges, if you plead guilty
18   and the district court judge accepts that guilty plea,
19   you'll have no right to withdraw that guilty plea later
20   even if you change your mind or even if you're unhappy
21   with the sentence ultimately imposed by the judge.  Do
22   you understand that?
23             THE DEFENDANT:  I do.
24             THE COURT:  Has anyone forced, pressured, or
25   threatened you in any way to get you to plead guilty or
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 31 of 41

1  made any promises to get you to plead guilty other than

2  what's in the plea agreement?

3          THE DEFENDANT:  They haven't.

4          THE COURT:  Mr. Walker, do you believe a guilty

5  plea in this case would be voluntary?

6          MR. WALKER:  Yes, Your Honor.

7          THE COURT:  Do you know of any legal reason why

8  the plea should not be accepted?

9          MR. WALKER:  No, Your Honor.

10          THE COURT:  Do you know of anything the Court

11  has omitted which could affect the validity of the plea?

12          MR. WALKER:  No, Your Honor.

13          THE COURT:  Mr. Reinert, do you know of

14  anything the Court has omitted which could affect the

15  validity of the plea?

16          MR. REINERT:  No, Your Honor.

17          THE COURT:  Mr. Bridges, we've certainly

18  covered a lot of information here this afternoon, and I

19  do want to take a moment to be sure that you understood

20  it all so you don't come back next week or next month or

21  next year and say that you didn't understand something or

22  that somebody forced or pressured you to plead guilty.

23  Have you been able to understand everything we've talked

24  about?

25          THE DEFENDANT:  I have.

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 32 of 41

```
 1              THE COURT:  Do you have any questions about any
 2    of it?
 3              THE DEFENDANT:  I don't.
 4              THE COURT:  Has anyone forced or pressured you
 5    to plead guilty?
 6              THE DEFENDANT:  No.
 7              THE COURT:  Is your decision to plead guilty a
 8    voluntary decision?
 9              THE DEFENDANT:  It is.
10              THE COURT:  Then formally and for the record,
11    how do you plead to Count 1 of the indictment which
12    charges you with the crime of conspiracy to distribute a
13    controlled substance?  Guilty or not guilty?
14              THE DEFENDANT:  Guilty.
15              THE COURT:  How do you plead to Count 3 of the
16    indictment which charges you with the crime of possession
17    of a firearm by a felon?  Guilty or not guilty?
18              THE DEFENDANT:  Guilty.
19              THE COURT:  And finally, how do you plead to
20    Count 6 of the indictment which charges you with the
21    crime of possession of a firearm by a felon?  Guilty or
22    not guilty?
23              THE DEFENDANT:  Guilty.
24              THE COURT:  The record will reflect that the
25    defendant has pleaded guilty to Counts 1, 3, and 6.
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 33 of 41

           1      I find that the defendant is competent, he fully

           2   understands the charges against him, there's a factual

           3   basis for his pleas, he knows the minimum and maximum

           4   punishments that could be imposed on the charges, and he

           5   knows his jury rights and he's voluntarily waived those

           6   rights.

           7      I further find that the defendant's decision to

           8   plead guilty was voluntary, knowing, and not the result

           9   of any force, pressure, threats, or promises other than

          10   the promises made by the government in the plea

          11   agreement.

          12      Therefore, I conclude the defendant should be found

          13   guilty based on his pleas of guilty.

          14      I will sign and file a report and recommendation

          15   recommending that the district court judge accept the

          16   defendant's guilty pleas.  The parties have 14 days from

          17   the filing of my report to file objections to it.  If no

          18   objection is made, then the district court judge may

          19   accept my recommendation and the defendant's guilty pleas

          20   by simply entering a written order doing so.  I hereby

          21   order a presentence investigation.

          22      Mr. Bridges, as I mentioned, the court will schedule

          23   your sentencing hearing at a later date.  In the meantime

          24   you'll remain detained.  Do you have any questions about

          25   anything we've discussed here today?

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 34 of 41

1    THE DEFENDANT:  I do not.

2    THE COURT:  Good luck to you.

3    Mr. Reinert, is there anything further on behalf of

4    the United States?

5    MR. REINERT:  No, Your Honor.

6    THE COURT:  And, Mr. Walker, anything further

7    on behalf of Mr. Bridges?

8    MR. WALKER:  Nothing, Your Honor.  Thank you.

9    THE COURT:  Thank you all.  That will conclude

10   our hearing.

11   (The foregoing plea was

12   concluded at 1:33 p.m.)

13   * * * *

14   (This concludes the transcript of the audio recording.)

15

16

17

18

19

20   CERTIFICATE

21   I certify that the foregoing is a correct

22   transcript to the best of my ability from the digital

23   recording of proceedings in the above-entitled matter.

24   S/Shelly Semmler          3-11-23
     Shelly Semmler, RDR, CRR          Date

25

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.

Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 35 of 41

## $

**$100** [3] - 24:24, 25:6, 26:3
**$250,000** [2] - 25:5, 26:2

## 1

**1** [21] - 1:11, 2:12, 3:3, 10:12, 12:5, 12:22, 13:7, 15:18, 15:25, 16:14, 17:4, 17:25, 18:4, 18:8, 18:10, 22:8, 24:19, 27:5, 27:16, 33:11, 33:25
**10** [6] - 24:20, 24:23, 25:3, 27:7, 27:17, 27:23
**101** [1] - 1:17
**111** [2] - 1:10, 1:14
**12** [2] - 7:9, 7:17
**12E** [1] - 19:20
**136** [1] - 3:15
**14** [1] - 34:16
**15** [1] - 25:23
**16** [4] - 10:16, 10:23, 15:17, 15:24
**18** [1] - 17:24
**1:33** [1] - 35:12

## 2

**2** [12] - 2:13, 10:17, 10:23, 12:24, 13:9, 13:24, 14:19, 15:19, 16:1, 16:17, 17:6, 22:4
**20** [1] - 13:11
**20-CR-108** [1] - 2:6
**2010** [4] - 14:15, 14:18, 16:16, 17:5
**2018** [4] - 14:2, 14:22, 16:20, 17:9
**2019** [2] - 10:16, 10:22
**2020** [8] - 10:17, 10:23, 12:20, 13:6, 13:23, 14:13, 15:17, 15:24
**2021** [2] - 1:11, 17:24
**22-caliber** [6] - 12:22, 12:24, 13:1, 13:8, 13:9, 13:11
**233-3846** [1] - 1:20

## 3

**3** [21] - 2:15, 3:3, 10:14, 12:16, 12:18, 12:20, 12:25, 13:6,

13:11, 14:25, 15:15, 16:6, 22:8, 22:11, 25:2, 25:7, 25:22, 27:6, 27:23, 33:15, 33:25
**3-11-23** [1] - 35:24
**30** [1] - 4:19
**30303** [1] - 1:18
**320** [1] - 1:19
**3325** [1] - 1:17

## 4

**4** [2] - 2:16, 22:4

## 5

**5** [9] - 2:17, 13:23, 14:13, 14:18, 16:16, 17:5, 22:4, 24:25, 26:4
**50** [2] - 12:7, 12:13
**51101** [1] - 1:20
**52401** [1] - 1:15

## 6

**6** [11] - 2:19, 3:3, 15:13, 22:8, 22:23, 25:2, 25:22, 27:6, 27:23, 33:20, 33:25

## 7

**7** [7] - 1:11, 14:2, 14:22, 16:20, 17:9, 18:16, 22:14
**70** [1] - 30:12
**712** [1] - 1:20
**715** [1] - 13:11
**715T** [5] - 12:22, 12:24, 13:1, 13:8, 13:9
**732** [2] - 12:25, 13:10
**765** [2] - 12:23, 13:9

## 8

**842** [2] - 13:2, 13:12

## 9

**9** [1] - 22:13
**9-millimeter** [4] - 15:19, 15:20, 16:1, 16:2
**9L** [2] - 18:16, 22:14

## A

**ability** [4] - 5:4, 5:11,

5:18, 35:22
**able** [2] - 21:20, 32:23
**above-entitled** [1] - 35:23
**absolutely** [1] - 5:6
**abused** [1] - 5:8
**accept** [3] - 10:4, 34:15, 34:19
**acceptance** [2] - 19:20, 20:5
**accepted** [2] - 20:15, 32:8
**accepts** [1] - 31:18
**access** [1] - 24:3
**account** [1] - 9:16
**accurate** [1] - 31:2
**accurately** [1] - 23:15
**actual** [2] - 12:8, 12:13
**address** [1] - 23:1
**adequate** [2] - 23:18, 23:25
**admit** [2] - 15:9, 17:18
**admitted** [3] - 7:14, 18:8, 18:10
**advisory** [3] - 26:12, 26:16, 26:20
**affect** [3] - 5:11, 32:11, 32:14
**afford** [3] - 6:22, 9:1, 9:3
**afternoon** [1] - 32:18
**agree** [4] - 7:18, 20:1, 20:7, 22:6
**agreeable** [1] - 3:12
**agreed** [3] - 19:1, 21:6, 23:12
**agreement** [22] - 10:17, 10:23, 11:6, 11:12, 11:18, 11:19, 11:25, 12:1, 17:23, 18:24, 20:17, 20:21, 21:1, 21:7, 21:14, 21:24, 22:2, 22:11, 23:7, 24:17, 32:2, 34:11
**alcohol** [2] - 5:8, 5:11
**allowed** [1] - 22:7
**alone** [1] - 8:3
**AMERICA** [1] - 1:3
**ammunition** [1] - 29:1
**answer** [2] - 4:6, 21:20
**answers** [1] - 3:20
**anxiety** [2] - 5:1, 5:2
**apologize** [1] - 14:16
**appeal** [2] - 31:13, 31:15
**Appeals** [1] - 31:14
**APPEARANCES** [1] - 1:12
**applies** [1] - 22:24

**apply** [2] - 24:14, 29:11
**appoint** [1] - 6:23
**appropriate** [2] - 19:10, 31:1
**approved** [1] - 22:5
**arise** [1] - 30:3
**arriving** [1] - 9:18
**assessment** [3] - 24:24, 25:6, 26:3
**assigned** [1] - 3:8
**Assistant** [1] - 1:14, 2:7
**associated** [1] - 29:2
**assume** [2] - 25:15, 28:2
**Atlanta** [1] - 1:18, 19:6
**attention** [1] - 30:22
**Attorney** [2] - 1:14, 2:7
**attorney** [6] - 2:9, 6:24, 7:1, 7:3, 18:25
**audio** [2] - 2:1, 35:14
**August** [1] - 17:24
**Avenue** [2] - 1:10, 1:14
**aware** [1] - 30:2

## B

**background** [2] - 26:15, 30:10
**based** [7] - 7:14, 7:15, 9:23, 19:6, 26:15, 26:20, 34:13
**basis** [4] - 23:19, 24:1, 24:7, 34:3
**bear** [1] - 16:7
**bearing** [6] - 12:23, 12:24, 13:1, 13:8, 13:10, 13:11
**become** [1] - 25:9
**begins** [1] - 22:12
**behalf** [2] - 35:3, 35:7
**behavior** [2] - 28:15, 28:16
**below** [1] - 27:17
**best** [2] - 3:22, 35:22
**between** [2] - 10:16, 10:22
**beyond** [5] - 8:1, 10:14, 12:7, 12:18, 15:16
**blanks** [1] - 23:7
**board** [1] - 28:17
**bound** [1] - 26:17
**break** [1] - 20:14
**bridge** [1] - 20:6
**BRIDGES** [2] - 1:6, 3:23

**Bridges** [29] - 2:6, 2:11, 3:17, 3:18, 4:17, 4:18, 6:9, 6:11, 8:15, 9:6, 9:21, 18:13, 19:12, 20:12, 20:20, 20:23, 22:11, 22:25, 23:4, 23:22, 24:13, 25:11, 26:24, 29:17, 30:7, 31:17, 32:17, 34:22, 35:7
**Bridges'** [2] - 24:7, 30:4
**briefly** [1] - 28:5
**bring** [1] - 30:22
**burden** [1] - 8:20
**burglary** [5] - 13:21, 14:11, 14:17, 16:14, 17:4

## C

**calculated** [1] - 27:14
**calculation** [2] - 26:9, 26:12
**cannot** [1] - 27:17
**carefully** [1] - 30:20
**case** [19] - 3:7, 6:20, 7:13, 7:22, 8:8, 8:20, 8:22, 17:23, 24:15, 26:6, 26:25, 27:5, 29:6, 29:11, 30:10, 30:14, 31:10, 32:5
**Case** [9] - 13:23, 14:2, 14:13, 14:18, 14:22, 16:16, 16:20, 17:6, 17:10
**CBC** [6] - 12:22, 12:24, 12:25, 13:7, 13:9, 13:11
**CEDAR** [1] - 1:2
**Cedar** [1] - 1:10, 1:15
**certain** [1] - 29:10
**certainly** [2] - 6:6, 32:17
**CERTIFICATE** [1] - 35:20
**certify** [1] - 35:21
**challenge** [1] - 8:13
**chance** [1] - 31:6
**change** [2] - 2:10, 31:20
**charge** [3] - 4:1, 4:9, 24:10
**charged** [2] - 2:11, 10:5
**charges** [22] - 2:12, 2:13, 2:15, 2:16, 2:24, 6:16, 6:22, 7:24, 8:16, 9:8, 10:12, 12:17, 15:14,

*Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*

Case 1:20-cr-00108-CJW-MAR Document 162 Filed 03/22/23 Page 36 of 41

22:3, 22:6, 23:16, 23:22, 33:12, 33:16, 33:20, 34:2, 34:4
**chose** [1] - 9:13
**Circuit** [1] - 31:13
**citizen** [1] - 28:21
**citizenship** [1] - 29:2
**City** [1] - 1:20
**clarification** [1] - 18:15
**clarify** [1] - 18:19
**collateral** [1] - 30:3
**commencing** [1] - 1:11
**Commission** [1] - 26:11
**commission** [1] - 26:14
**commit** [9] - 13:24, 13:25, 14:20, 14:21, 16:17, 16:18, 17:7, 17:8, 29:12
**committed** [1] - 25:21
**commonly** [2] - 12:8, 12:14
**communication** [1] - 30:15
**communications** [1] - 19:7
**community** [1] - 7:10
**competent** [2] - 6:9, 34:1
**complete** [1] - 30:12
**completed** [1] - 4:21
**comply** [1] - 29:18
**conclude** [2] - 34:12, 35:9
**concluded** [1] - 35:12
**concludes** [1] - 35:14
**concurrent** [1] - 28:4
**concurrently** [1] - 28:8
**condition** [1] - 5:15
**conditions** [3] - 29:10, 29:11, 29:15
**conduct** [2] - 29:7, 30:9
**confidentially** [1] - 6:7
**confront** [2] - 8:11, 8:16
**confrontation** [1] - 8:8
**consecutive** [1] - 28:3
**consecutively** [1] - 28:6
**consent** [3] - 3:11, 3:16, 3:18
**consequences** [1] - 30:3
**consider** [2] - 26:16, 31:8

**considered** [1] - 24:10
**conspiracy** [7] - 2:12, 10:13, 13:25, 14:20, 16:18, 17:8, 33:12
**contained** [1] - 22:19
**continues** [1] - 22:13
**controlled** [10] - 2:13, 2:15, 2:18, 10:13, 10:19, 10:25, 11:20, 12:3, 29:13, 33:13
**conversations** [1] - 21:10
**convicted** [5] - 4:2, 13:20, 14:9, 16:13, 17:2
**conviction** [2] - 28:24, 29:2
**convictions** [3] - 25:20, 27:9, 27:22
**copy** [2] - 2:21, 30:19
**correct** [4] - 3:4, 22:20, 23:1, 35:21
**corrected** [1] - 30:23
**counsel** [1] - 18:22
**Count** [18] - 2:12, 2:13, 2:15, 2:16, 2:17, 2:19, 10:12, 12:5, 12:16, 14:25, 15:13, 16:6, 24:19, 27:5, 27:16, 33:11, 33:15, 33:20
**count** [4] - 13:25, 14:20, 16:18, 17:8
**Counts** [8] - 3:3, 22:4, 22:7, 25:2, 25:22, 27:3, 27:23, 33:25
**counts** [7] - 2:12, 10:7, 13:24, 14:19, 16:17, 17:6, 27:10
**County** [9] - 13:22, 14:1, 14:12, 14:18, 14:22, 16:15, 16:19, 17:5, 17:9
**couple** [1] - 18:13
**COURT** [112] - 1:1, 2:4, 2:23, 3:2, 3:6, 3:14, 3:24, 4:6, 4:12, 4:18, 4:20, 4:22, 4:25, 5:3, 5:7, 5:10, 5:14, 5:17, 5:21, 5:24, 6:4, 6:11, 6:18, 7:5, 7:8, 7:21, 8:7, 8:19, 9:10, 9:21, 10:3, 10:22, 11:2, 11:4, 11:11, 11:16, 11:24, 12:5, 12:12, 12:16, 13:5, 13:15, 14:6, 14:16, 14:25, 15:6, 15:13, 15:23, 16:4, 16:24, 17:12,

17:18, 17:22, 18:6, 18:8, 18:12, 19:3, 19:10, 19:18, 20:7, 20:10, 20:19, 21:1, 21:5, 21:9, 21:17, 21:20, 21:23, 22:2, 22:10, 22:18, 22:22, 23:3, 23:6, 23:11, 23:15, 23:18, 23:21, 23:25, 24:3, 24:6, 24:9, 24:13, 25:15, 26:8, 27:13, 27:21, 28:2, 28:12, 28:21, 28:23, 29:4, 30:2, 30:7, 31:12, 31:17, 31:24, 32:4, 32:7, 32:10, 32:13, 32:17, 33:1, 33:4, 33:7, 33:10, 33:15, 33:19, 33:24, 35:2, 35:6, 35:9
**court** [13] - 3:9, 8:10, 10:4, 20:15, 22:5, 22:6, 25:19, 28:19, 31:3, 31:18, 34:15, 34:18, 34:22
**Court** [15] - 1:10, 2:5, 3:8, 13:22, 14:1, 14:12, 14:17, 14:21, 16:15, 16:19, 17:5, 17:9, 31:14, 32:10, 32:14
**Court's** [1] - 3:15
**courthouse** [1] - 9:4
**Courthouse** [1] - 1:10
**covered** [2] - 24:16, 32:18
**CR20-0108-CJW** [1] - 1:5
**creature** [1] - 16:6
**credit** [2] - 28:14, 29:23
**crime** [10] - 13:20, 13:21, 14:9, 16:13, 17:2, 26:15, 29:13, 33:12, 33:16, 33:21
**crimes** [3] - 4:1, 4:3, 27:8
**criminal** [3] - 8:20, 25:9, 25:12
**cross** [3] - 7:10, 8:14, 20:5
**cross-examine** [1] - 8:14
**cross-section** [1] - 7:10
**crossed** [1] - 20:3
**CRR** [2] - 1:19, 35:24
**custody** [1] - 28:13

## D

**date** [1] - 34:23
**Date** [1] - 35:24
**days** [2] - 30:12, 34:16
**decision** [4] - 9:14, 33:7, 33:8, 34:7
**Defendant** [2] - 1:7, 1:16
**DEFENDANT** [86] - 2:22, 3:1, 3:5, 3:13, 3:23, 4:5, 4:11, 4:17, 4:19, 4:21, 4:24, 5:2, 5:6, 5:9, 5:13, 5:16, 5:20, 5:23, 6:3, 6:17, 7:4, 7:7, 7:20, 8:6, 8:18, 9:9, 9:20, 10:2, 10:21, 11:1, 11:3, 11:10, 11:15, 11:23, 12:4, 12:11, 12:15, 13:4, 13:14, 14:5, 14:24, 15:5, 15:12, 15:22, 16:3, 16:23, 17:11, 17:17, 17:21, 19:17, 20:18, 20:25, 21:4, 21:8, 21:16, 21:19, 21:22, 22:1, 22:9, 22:17, 22:21, 23:5, 23:10, 23:14, 25:14, 26:7, 27:12, 27:20, 28:1, 28:11, 28:20, 28:22, 29:3, 30:1, 31:11, 31:16, 31:23, 32:3, 32:25, 33:3, 33:6, 33:9, 33:14, 33:18, 33:23, 35:1
**defendant** [8] - 2:8, 18:23, 19:25, 20:1, 20:3, 33:25, 34:1, 34:12
**defendant's** [3] - 34:7, 34:16, 34:19
**defense** [4] - 8:20, 8:24, 9:8, 24:9
**degree** [5] - 13:22, 14:11, 14:17, 16:15, 17:4
**deliberated** [1] - 9:24
**depart** [1] - 26:19
**departs** [1] - 27:15
**depression** [1] - 5:1
**describe** [1] - 23:16
**detail** [5] - 2:24, 21:2, 21:13, 21:14, 25:12
**detained** [1] - 34:24
**determine** [1] - 30:25
**determining** [2] - 26:17, 31:8
**different** [3] - 25:21,

26:25, 27:2
**difficulty** [2] - 4:22, 5:22
**digital** [2] - 1:19, 35:22
**directly** [1] - 31:6
**discovery** [1] - 24:4
**discuss** [10] - 2:24, 9:17, 18:12, 19:8, 19:9, 21:12, 21:14, 25:12, 28:5, 30:4
**discussed** [4] - 16:5, 20:21, 24:10, 34:25
**dismiss** [1] - 22:6
**dismissal** [1] - 22:3
**distribute** [13] - 2:13, 2:14, 2:18, 10:13, 10:18, 10:19, 10:24, 10:25, 11:19, 11:20, 12:2, 33:12
**DISTRICT** [2] - 1:1, 1:1
**district** [7] - 3:9, 10:4, 22:5, 31:18, 34:15, 34:18
**District** [16] - 1:10, 3:8, 12:21, 13:6, 13:22, 14:1, 14:12, 14:17, 14:21, 15:17, 15:24, 16:15, 16:19, 17:4, 17:9
**DIVISION** [1] - 1:2
**document** [1] - 3:15
**dollars** [1] - 24:23
**doubt** [5] - 8:2, 10:15, 12:7, 12:19, 15:16
**downward** [1] - 26:20
**draft** [1] - 30:11
**drug** [3] - 5:10, 5:15, 25:20
**drugs** [1] - 5:7
**during** [8] - 3:19, 6:19, 15:2, 15:10, 17:14, 17:19, 29:7, 30:13

## E

**early** [1] - 28:18
**earn** [2] - 28:14, 28:15
**easy** [1] - 15:6
**effect** [2] - 11:7, 11:14
**Eighth** [1] - 31:13
**either** [2] - 11:6, 11:12
**element** [1] - 16:4
**elements** [4] - 10:6, 10:9, 23:16, 23:22
**eligible** [1] - 20:2
**ending** [6] - 12:23, 12:25, 13:2, 13:9, 13:10, 13:12
**English** [1] - 4:23

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*To purchase a complete copy of the transcript*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 03/22/23   Page 37 of 41

enter [2] - 4:15, 6:9
entered [2] - 17:22, 21:25
entering [1] - 34:20
entire [1] - 25:12
entirety [2] - 16:8, 21:2
entitled [1] - 35:23
errors [1] - 30:21
ESQ [2] - 1:13, 1:16
established [2] - 23:18, 23:25
estimated [1] - 27:2
evidence [6] - 7:14, 8:1, 8:23, 9:1, 18:1, 31:5
examine [1] - 8:14
example [1] - 8:25
exceeding [4] - 13:20, 14:10, 16:14, 17:3
Exhibit [4] - 17:25, 18:4, 18:8, 18:10
exhibits [1] - 9:1
expense [1] - 6:25
expenses [1] - 9:4
explain [1] - 18:18
explanation [1] - 22:24

**F**

facing [3] - 24:18, 27:10, 27:22
fact [6] - 8:2, 9:17, 10:5, 10:7, 19:24, 23:6
factor [2] - 12:6, 12:10
factors [1] - 26:21
Facts [1] - 22:12
factual [2] - 23:19, 24:1, 24:7, 34:2
factually [1] - 19:2
fairly [1] - 7:14
false [3] - 3:25, 4:2, 4:8
far [1] - 4:20
February [4] - 10:16, 10:23, 15:17, 15:24
FECR012857 [4] - 13:23, 14:19, 16:16, 17:6
FECR019734 [4] - 14:2, 14:23, 16:20, 17:10
federal [3] - 26:10, 28:19, 29:12
Federal [1] - 1:10
felon [7] - 2:16, 2:17, 2:20, 12:17, 15:14, 33:17, 33:21

felony [7] - 13:25, 14:20, 16:18, 17:7, 25:20, 28:23, 29:2
few [1] - 4:12
fewer [1] - 30:14
fight [1] - 6:22
fighting [1] - 20:12
file [3] - 3:15, 34:14, 34:17
filing [1] - 34:17
final [1] - 31:3
finally [3] - 9:10, 14:25, 33:19
fine [3] - 24:23, 25:5, 26:2
fined [1] - 4:4
firear [1] - 13:17
firearm [17] - 2:16, 2:17, 2:19, 12:17, 12:22, 13:7, 13:18, 14:8, 15:14, 15:18, 15:25, 16:10, 16:11, 16:25, 17:1, 33:17, 33:21
firearms [8] - 13:17, 14:7, 15:1, 15:8, 15:9, 17:13, 17:18, 29:1
first [15] - 4:12, 6:14, 10:8, 10:15, 10:20, 11:6, 11:12, 12:19, 13:2, 13:21, 15:16, 15:21, 24:21, 25:3, 25:25
flag [1] - 18:24
flagged [2] - 19:8, 22:25
focused [1] - 19:24
follow [1] - 31:10
following [4] - 2:1, 24:21, 25:2, 25:24
FOR [1] - 1:1
force [1] - 34:9
forced [3] - 31:24, 32:22, 33:4
forcible [4] - 13:25, 14:20, 16:18, 17:7
foregoing [2] - 35:11, 35:21
forgotten [1] - 30:17
form [1] - 17:23
formally [1] - 33:10
forward [1] - 6:15
fourth [3] - 24:25, 25:6, 26:3
full [4] - 2:23, 4:16, 24:3, 25:11
fully [1] - 34:1
future [1] - 19:15

**G**

G2C [2] - 15:20, 16:2
G3 [2] - 15:19, 16:1
GA [1] - 1:18
generally [1] - 7:5
given [2] - 7:15, 31:6
Government [2] - 18:4, 18:10
government [33] - 3:25, 4:8, 7:25, 8:9, 8:21, 9:4, 10:14, 10:15, 10:20, 11:4, 11:8, 11:16, 11:21, 12:6, 12:18, 12:19, 13:3, 13:16, 14:3, 15:1, 15:4, 15:7, 15:15, 15:21, 16:9, 16:21, 17:12, 17:16, 19:9, 21:25, 31:5, 31:12, 34:10
government's [1] - 24:4
Government's [2] - 17:25, 18:8
grams [2] - 12:8, 12:13
guess [1] - 13:17
guideline [3] - 26:13, 26:20, 27:14
guidelines [4] - 26:10, 26:21, 27:1, 27:16
guilt [1] - 8:1
guilty [45] - 3:3, 3:10, 4:15, 6:9, 6:13, 6:14, 7:2, 8:4, 8:14, 9:6, 9:22, 9:23, 9:25, 10:4, 10:5, 22:7, 23:19, 24:7, 30:4, 30:7, 31:10, 31:17, 31:18, 31:19, 31:25, 32:1, 32:4, 32:22, 33:5, 33:7, 33:13, 33:14, 33:17, 33:18, 33:21, 33:22, 33:23, 33:25, 34:8, 34:13, 34:16, 34:19

**H**

habit [1] - 16:6
hand [1] - 3:22
handgun [4] - 15:19, 15:20, 16:1, 16:2
happy [1] - 6:23
Hardin [5] - 13:22, 14:12, 14:18, 16:15, 17:5
hearing [9] - 3:11, 3:12, 3:19, 24:18,

31:4, 34:23, 35:10
heavily [1] - 30:25
held [1] - 1:9
help [2] - 6:19, 19:15
hereby [1] - 34:20
high [1] - 4:21
hired [1] - 6:20
history [2] - 25:9, 25:12
hold [1] - 28:25
Honor [30] - 3:13, 6:10, 13:4, 14:14, 14:24, 15:5, 18:2, 18:7, 18:22, 19:5, 19:6, 19:23, 20:9, 20:25, 22:17, 23:2, 23:17, 23:24, 24:2, 24:5, 24:8, 24:12, 25:14, 30:6, 32:6, 32:9, 32:12, 32:16, 35:5, 35:8
Honorable [1] - 1:9
hopefully [1] - 20:11
hurry [1] - 6:4

**I**

IA [2] - 1:15, 1:20
ice [2] - 12:9, 12:14
idea [1] - 25:16
II [1] - 1:16
illegal [1] - 5:7
illness [1] - 5:1
important [4] - 4:6, 5:24, 25:17, 26:23, 29:16, 30:20, 31:8
impose [2] - 29:9, 29:14
imposed [4] - 26:6, 26:24, 31:21, 34:4
imprisonment [14] - 4:4, 14:10, 16:13, 17:3, 24:20, 24:22, 25:4, 25:23, 26:1, 27:5, 27:7, 27:10, 27:17, 27:24
IN [1] - 1:1
inability [1] - 6:25
incarcerated [1] - 19:7
indicate [3] - 21:6, 22:19, 23:12
indictment [7] - 2:11, 2:21, 10:6, 24:19, 33:11, 33:16, 33:20
information [2] - 22:19, 32:18
initialed [1] - 19:1
initials [6] - 22:15, 22:18, 23:8, 23:11
innocence [3] - 7:22,

7:25, 8:3
innocent [1] - 7:24
instruct [1] - 9:15
intend [3] - 3:2, 21:5, 22:19
intent [6] - 2:14, 2:18, 10:18, 10:24, 11:20, 12:2
interest [1] - 31:2
interfere [2] - 5:3, 5:17
international [6] - 12:23, 12:25, 13:1, 13:8, 13:10, 13:12
investigation [4] - 30:9, 30:10, 30:11, 34:21
involved [2] - 12:7, 12:13
IOWA [1] - 1:1
Iowa [16] - 1:10, 1:11, 12:21, 13:6, 13:22, 14:1, 14:12, 14:17, 14:21, 15:7, 15:17, 15:24, 16:15, 16:19, 17:4, 17:8
issue [1] - 20:12
issued [1] - 26:10

**J**

January [7] - 12:20, 13:5, 13:23, 14:12, 14:18, 16:16, 17:5
Jasper [4] - 14:1, 14:21, 16:19, 17:9
joined [4] - 11:5, 11:12, 11:17, 11:25
judge [29] - 3:7, 3:8, 3:9, 3:16, 7:15, 7:23, 8:2, 9:15, 22:5, 22:6, 26:9, 26:14, 26:16, 26:17, 26:18, 26:25, 27:15, 27:16, 29:9, 29:14, 29:19, 29:22, 30:24, 31:6, 31:7, 31:18, 31:21, 34:15, 34:18
Judge [1] - 1:9
jurors [2] - 7:13, 9:15
jury [11] - 7:9, 7:12, 7:16, 7:17, 7:19, 7:23, 8:3, 9:15, 9:24, 28:25, 34:5
juvenile [4] - 13:24, 14:19, 16:17, 17:7

**K**

knowing [1] - 34:8
knowingly [6] - 3:25,

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 1:20-cr-00108-CJW-MAR    Document 162    Filed 03/22/23    Page 38 of 41

4:15, 12:21, 13:6, 15:18, 15:25
**knows** [2] - 34:3, 34:5

## L

**language** [1] - 4:23
**last** [1] - 20:20
**law** [1] - 7:15
**lawyer** [1] - 6:19
**least** [3] - 18:14, 24:25, 25:18
**legal** [1] - 32:7
**less** [1] - 26:19
**letter** [1] - 17:24
**level** [2] - 20:3, 20:5
**lie** [2] - 3:25, 4:7
**life** [6] - 24:22, 25:1, 25:25, 27:5, 27:10, 29:7
**likely** [1] - 29:14
**line** [5] - 15:2, 15:10, 17:14, 17:19, 20:23
**listed** [1] - 26:21
**LLC** [1] - 1:16
**local** [1] - 29:12
**look** [1] - 18:16
**looks** [1] - 19:19
**lose** [1] - 28:24
**loss** [1] - 29:1
**Lowther** [1] - 1:16
**luck** [1] - 35:2

## M

**M.B** [1] - 23:8
**Magistrate** [1] - 1:9
**magistrate** [2] - 3:7, 3:16
**mandatory** [7] - 24:20, 24:24, 25:5, 25:23, 26:2, 27:18, 27:23
**manufactured** [1] - 15:8
**Marietta** [1] - 1:17
**mark** [4] - 18:17, 18:23, 19:13, 22:23
**Mark** [1] - 1:9
**marked** [1] - 17:25
**materials** [1] - 24:4
**matter** [4] - 2:4, 2:9, 18:24, 35:23
**MATTHEW** [2] - 1:6, 3:23
**Matthew** [3] - 2:5, 4:17, 20:23
**maximum** [6] - 24:21, 25:3, 25:25, 26:5, 27:4, 34:3
**mean** [2] - 4:13, 28:4

**means** [5] - 7:17, 7:22, 8:8, 26:18, 28:6
**meantime** [1] - 34:23
**medication** [1] - 5:14
**mental** [3] - 4:14, 5:1, 5:15
**mentioned** [2] - 29:4, 34:22
**methamphetamine** [4] - 12:8, 12:9, 12:13, 12:14
**might** [8] - 5:11, 5:22, 25:16, 28:14, 29:23, 30:13, 30:14, 30:22
**million** [1] - 24:23
**mind** [1] - 31:20
**minimum** [5] - 24:20, 25:23, 26:5, 27:18, 34:3
**minimums** [1] - 27:23
**misspoke** [1] - 14:16
**model** [10] - 12:22, 12:24, 13:1, 13:7, 13:9, 13:11, 15:19, 15:20, 16:1, 16:2
**moment** [1] - 32:19
**monitored** [1] - 29:8
**month** [1] - 32:20
**months** [1] - 26:13
**most** [1] - 31:1
**mostly** [1] - 18:24
**MR** [23] - 6:10, 14:14, 18:2, 18:7, 18:21, 19:5, 19:23, 20:9, 23:2, 23:17, 23:20, 23:24, 24:2, 24:5, 24:8, 24:12, 30:6, 32:6, 32:9, 32:12, 32:16, 35:5, 35:8
**Murdoch** [1] - 2:9
**MURDOCH** [1] - 1:16

## N

**name** [1] - 4:16
**need** [9] - 3:6, 3:19, 4:13, 6:11, 10:4, 18:14, 18:15, 18:19, 24:13
**never** [1] - 8:21
**next** [4] - 22:14, 32:20, 32:21
**nobody** [1] - 9:12
**NORTHERN** [1] - 1:1
**Northern** [5] - 1:10, 12:21, 13:6, 15:17, 15:24
**Northwest** [1] - 1:17
**notations** [1] - 18:14
**nothing** [1] - 35:8

**notice** [1] - 30:22
**noticed** [1] - 22:22
**number** [20] - 3:15, 12:23, 12:24, 12:25, 13:2, 13:7, 13:8, 13:9, 13:10, 13:12, 13:24, 14:11, 14:19, 15:18, 15:19, 15:25, 16:14, 16:17, 17:4, 17:6
**Number** [10] - 2:6, 13:23, 14:2, 14:13, 14:18, 14:22, 16:16, 16:20, 17:6, 17:10

## O

**oath** [3] - 3:21, 3:24, 7:13
**objection** [2] - 18:6, 34:18
**objections** [1] - 34:17
**obviously** [1] - 19:6
**occasions** [1] - 25:21
**OF** [3] - 1:1, 1:3, 1:6
**offending** [1] - 28:4
**offense** [4] - 12:7, 12:12, 25:20, 28:23
**offenses** [1] - 4:10
**offer** [1] - 8:25
**offered** [2] - 18:1, 18:4
**office** [4] - 19:5, 28:25, 30:16, 30:23
**officer** [2] - 29:8, 30:9
**old** [1] - 4:18
**omissions** [1] - 30:21
**omitted** [2] - 32:11, 32:14
**one** [17] - 4:2, 8:20, 10:9, 13:20, 13:25, 14:10, 14:11, 14:20, 16:5, 16:7, 16:14, 16:18, 17:3, 17:7, 19:14, 25:21, 28:6
**open** [1] - 8:9
**opportunity** [4] - 2:24, 21:14, 21:18, 25:11
**opposed** [1] - 28:3
**order** [3] - 30:8, 34:20, 34:21
**otherwise** [1] - 29:21
**overcome** [1] - 7:25
**own** [1] - 20:10

## P

**p.m** [2] - 1:11, 35:12
**page** [5] - 18:16, 20:20, 22:11, 22:14, 22:23

**paragraph** [6] - 19:20, 19:23, 19:25, 22:13, 22:14, 22:23
**paragraphs** [3] - 22:15, 22:20, 23:13
**parole** [9] - 24:22, 25:4, 25:24, 26:1, 27:6, 27:7, 27:24, 28:17, 28:18
**paroled** [1] - 28:18
**parties** [2] - 17:22, 34:16
**Pat** [1] - 2:7
**PATRICK** [1] - 1:13
**pay** [1] - 9:4
**penalties** [6] - 24:14, 24:21, 25:3, 25:8, 25:16, 25:25
**people** [3] - 7:9, 7:12, 7:17
**percentage** [1] - 28:16
**perfectly** [1] - 19:10
**perform** [1] - 26:9
**perhaps** [1] - 18:14
**period** [4] - 4:3, 28:8, 28:9, 30:13
**perjury** [1] - 4:1
**person** [1] - 2:8
**persons** [2] - 10:17, 10:23
**physical** [1] - 5:15
**place** [1] - 23:11
**placed** [1] - 29:5
**places** [2] - 22:16, 23:9
**placing** [1] - 22:18
**Plaintiff** [2] - 1:4, 1:13
**play** [1] - 25:17
**plea** [31] - 2:10, 3:10, 4:15, 6:9, 9:23, 10:4, 17:23, 20:20, 21:1, 21:7, 21:14, 21:24, 22:2, 22:7, 22:11, 23:6, 23:19, 24:1, 24:7, 24:17, 30:4, 31:10, 31:18, 31:19, 32:2, 32:5, 32:8, 32:11, 32:15, 34:10, 35:11
**PLEA** [1] - 1:6
**Plea** [1] - 1:9
**plead** [17] - 3:3, 6:13, 6:14, 8:14, 9:6, 9:22, 30:7, 31:17, 31:25, 32:1, 32:22, 33:5, 33:7, 33:11, 33:15, 33:19, 34:8
**pleaded** [1] - 33:25
**pleading** [3] - 7:1, 10:7, 22:3

**pleas** [4] - 34:3, 34:13, 34:16, 34:19
**plenty** [2] - 21:12, 21:18
**point** [5] - 3:21, 6:11, 19:14, 24:13, 30:21
**possess** [6] - 10:18, 10:24, 11:20, 12:2, 28:25, 29:13
**possessed** [8] - 12:21, 13:7, 13:17, 14:7, 15:18, 15:25, 16:10, 16:25
**possessing** [4] - 13:18, 14:8, 16:11, 16:25
**possession** [13] - 2:14, 2:16, 2:17, 2:18, 2:19, 12:17, 15:3, 15:11, 15:14, 17:15, 17:20, 33:16, 33:21
**possibility** [4] - 24:22, 25:4, 25:24, 26:1, 27:6, 27:7, 27:24
**possible** [1] - 24:9
**predicted** [1] - 27:3
**prefer** [1] - 6:16
**prepared** [3] - 2:1, 19:24, 20:1
**prescription** [1] - 5:15
**present** [4] - 8:19, 8:24, 9:7, 31:5
**presentence** [3] - 30:8, 30:11, 34:21
**preside** [4] - 3:9, 3:10, 3:12, 3:18
**pressure** [1] - 34:9
**pressured** [3] - 31:24, 32:22, 33:4
**presumed** [1] - 7:23
**presumption** [3] - 7:22, 7:24, 8:3
**pretty** [1] - 15:6
**previous** [3] - 25:19, 27:9, 27:22
**previously** [8] - 13:19, 14:8, 14:9, 16:12, 17:1, 17:2
**prison** [6] - 28:7, 28:13, 28:15, 28:18, 29:5, 29:21
**privileged** [1] - 21:11
**probation** [4] - 29:8, 30:9, 30:16, 30:23
**procedures** [1] - 31:9
**proceed** [1] - 3:16
**proceeding** [1] - 3:10
**proceedings** [5] - 5:4, 5:12, 5:18, 5:22,

*Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR   Document 162   Filed 02/22/23   Page 39 of 41

35:23
**produce** [1] - 8:23
**produced** [1] - 8:1
**prohibited** [4] - 13:18, 14:7, 16:11, 16:25
**promises** [3] - 32:1, 34:9, 34:10
**proof** [1] - 8:21
**prosecutor** [1] - 9:14
**prove** [22] - 10:14, 10:16, 10:20, 11:5, 11:9, 11:17, 11:22, 12:6, 12:18, 12:20, 13:3, 13:16, 14:4, 15:1, 15:4, 15:7, 15:15, 15:21, 16:9, 16:22, 17:13, 17:16
**proved** [1] - 8:1
**provided** [1] - 7:6
**provisions** [2] - 19:14, 19:16
**pry** [1] - 4:13
**public** [2] - 7:9, 28:25
**punishable** [7] - 13:20, 14:10, 16:13, 17:2, 24:19, 25:2, 25:22
**punishments** [2] - 26:5, 34:4
**pure** [2] - 12:8, 12:13
**purpose** [3] - 11:18, 12:1, 18:19
**put** [2] - 18:23, 19:13
**putting** [1] - 20:10

### Q

**questions** [10] - 3:20, 4:7, 4:12, 21:18, 21:21, 21:24, 31:9, 31:14, 33:1, 34:24
**quiet** [1] - 30:13

### R

**raise** [1] - 3:22
**range** [6] - 26:13, 26:16, 26:18, 26:20, 27:14
**RAPIDS** [1] - 1:2
**Rapids** [2] - 1:11, 1:15
**RDR** [2] - 1:19, 35:24
**reached** [4] - 10:17, 10:23, 11:6, 11:13
**read** [5] - 10:8, 10:9, 10:10, 21:6, 23:12
**reading** [1] - 4:22
**reason** [4] - 5:21, 6:8, 7:1, 32:7
**reasonable** [5] - 8:2,

---

10:15, 12:7, 12:19, 15:16
**reasons** [1] - 30:14
**receive** [2] - 27:3, 28:14
**received** [1] - 2:21
**recommend** [1] - 10:3
**recommendation** [2] - 34:14, 34:19
**recommending** [1] - 34:15
**record** [4] - 3:14, 18:14, 33:10, 33:24
**recording** [4] - 1:19, 2:2, 35:14, 35:23
**reduced** [1] - 28:14
**reflect** [2] - 3:14, 33:24
**regarding** [2] - 20:4, 31:14
**regardless** [1] - 27:14
**REINERT** [10] - 1:13, 14:14, 18:2, 18:21, 19:23, 23:17, 23:20, 30:6, 32:16, 35:5
**Reinert** [8] - 2:8, 17:24, 18:16, 19:19, 23:15, 30:2, 32:13, 35:3
**release** [10] - 24:25, 25:7, 26:4, 29:6, 29:10, 29:17, 29:19, 29:20, 29:22, 29:24
**rely** [1] - 30:25
**remain** [2] - 9:11, 34:24
**rep** [1] - 6:23
**report** [5] - 30:11, 30:19, 30:25, 34:14, 34:17
**report's** [1] - 31:3
**reports** [1] - 30:18
**represent** [3] - 6:19, 6:21, 6:24
**represented** [1] - 2:7
**respect** [9] - 10:12, 12:5, 12:16, 14:25, 15:13, 16:5, 19:20, 22:23, 27:16
**responsibility** [2] - 19:21, 20:15
**rest** [1] - 29:7
**result** [4] - 26:12, 28:24, 30:3, 34:8
**retain** [1] - 6:25
**returned** [1] - 9:25
**review** [1] - 21:1
**reviewing** [1] - 18:23
**revoke** [1] - 29:20
**rifle** [6] - 12:23, 12:24,

---

13:1, 13:8, 13:10, 13:11
**rights** [4] - 6:12, 29:2, 34:5, 34:6
**risk** [1] - 28:4
**robbery** [4] - 14:1, 14:21, 16:19, 17:8
**Roberts** [1] - 1:9
**role** [1] - 7:11
**run** [2] - 28:6, 28:8

### S

**s/Shelly** [1] - 35:24
**satisfaction** [1] - 21:21
**satisfied** [2] - 7:5, 10:5
**schedule** [2] - 31:3, 34:22
**school** [4] - 4:20, 4:21
**seated** [1] - 2:4
**second** [10] - 11:4, 11:8, 13:15, 14:3, 16:4, 16:9, 16:21, 24:23, 25:4, 26:1
**section** [3] - 7:10, 20:3, 22:12
**see** [7] - 8:10, 8:11, 20:22, 22:11, 22:15, 23:7
**seeing** [1] - 28:17
**selected** [1] - 7:10
**selecting** [1] - 7:12
**Semmler** [3] - 1:19, 35:24, 35:24
**send** [1] - 29:20
**sentence** [16] - 20:14, 24:20, 25:23, 26:15, 26:17, 26:18, 26:24, 27:4, 27:17, 28:13, 28:16, 29:5, 31:1, 31:8, 31:13, 31:21
**sentenced** [1] - 4:3
**sentences** [2] - 28:3, 28:6
**Sentencing** [1] - 26:11
**sentencing** [13] - 12:6, 12:10, 20:13, 26:9, 26:10, 26:21, 29:9, 29:14, 30:24, 31:4, 31:9, 34:23
**September** [1] - 1:11
**serial** [6] - 12:23, 12:25, 13:1, 13:8, 13:10, 13:12
**serious** [2] - 25:16, 25:20
**serve** [2] - 7:12, 28:25
**served** [3] - 9:2, 29:5,

---

29:23
**services** [2] - 6:23, 7:6
**Seventh** [2] - 1:10, 1:14
**severe** [1] - 25:9
**Shawn** [2] - 14:1,
**SHAWN** [1] - 1:6
**Shelly** [2] - 1:19, 35:24
**shift** [1] - 8:22
**shorter** [1] - 28:9
**sign** [1] - 34:14
**signature** [3] - 20:22, 20:23, 20:24
**signed** [3] - 3:17, 21:3, 21:15
**signing** [1] - 21:5
**silent** [1] - 9:11
**simply** [2] - 26:13, 34:20
**Sioux** [1] - 1:20
**sit** [1] - 21:23
**six** [1] - 2:12
**Sixth** [1] - 1:19
**sleep** [1] - 5:16
**sort** [1] - 19:15
**Southeast** [2] - 1:10, 1:14
**special** [3] - 24:24, 25:6, 26:3
**specifically** [8] - 12:22, 13:7, 13:21, 14:11, 15:18, 15:25, 16:14, 17:3
**speedy** [1] - 7:9
**stage** [1] - 6:19
**standard** [1] - 29:11
**starting** [1] - 19:19
**state** [8] - 4:14, 4:16, 15:2, 15:7, 15:10, 17:14, 17:19, 29:12
**statement** [3] - 3:25, 4:2, 4:8
**statements** [1] - 4:9
**STATES** [2] - 1:1, 1:3
**States** [10] - 1:9, 1:14, 2:5, 2:6, 2:7, 3:7, 3:8, 26:11, 29:8, 35:4
**statutes** [1] - 26:22
**statutory** [3] - 27:4, 27:18, 27:22
**still** [4] - 11:7, 11:13, 17:10, 20:12
**Stipulation** [1] - 22:12
**stipulation** [1] - 20:4
**stop** [2] - 6:2, 6:5
**Street** [2] - 1:17, 1:19
**subpoenas** [1] - 9:2
**subsequently** [1] -

---

19:9
**substance** [10] - 2:13, 2:15, 2:19, 10:13, 10:19, 10:25, 11:20, 12:3, 21:10, 33:13
**substances** [1] - 29:14
**suffered** [1] - 4:25
**sufficient** [1] - 21:13
**suggest** [1] - 27:1
**suggests** [1] - 26:14
**Suite** [1] - 1:17
**summary** [1] - 9:21
**supervised** [10] - 24:25, 25:7, 26:4, 29:6, 29:10, 29:17, 29:18, 29:20, 29:22, 29:24
**support** [1] - 24:6
**swear** [1] - 7:13
**SWORN** [1] - 3:23
**system** [1] - 28:19

### T

**TAKING** [1] - 1:6
**Taurus** [4] - 15:19, 15:20, 16:1
**technicality** [1] - 19:15
**term** [7] - 13:20, 14:10, 16:14, 17:3, 24:25, 25:6, 26:3
**terms** [4] - 20:14, 21:7, 23:13, 29:18
**testify** [5] - 9:11, 9:12, 9:13, 9:18
**testimonies** [1] - 8:13
**THE** [198] - 1:1, 1:1, 2:4, 2:22, 2:23, 3:1, 3:2, 3:5, 3:6, 3:13, 3:14, 3:24, 4:5, 4:6, 4:11, 4:12, 4:17, 4:18, 4:19, 4:20, 4:21, 4:22, 4:24, 4:25, 5:2, 5:3, 5:6, 5:7, 5:9, 5:10, 5:13, 5:14, 5:16, 5:17, 5:20, 5:21, 5:23, 5:24, 6:3, 6:4, 6:11, 6:17, 6:18, 7:4, 7:5, 7:7, 7:8, 7:20, 7:21, 8:6, 8:7, 8:18, 8:19, 9:9, 9:10, 9:20, 9:21, 10:2, 10:3, 10:21, 10:22, 11:1, 11:2, 11:3, 11:4, 11:10, 11:11, 11:15, 11:16, 11:23, 11:24, 12:4, 12:5, 12:11, 12:12,

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 1:20-cr-00108-CJW-MAR Document 162 Filed 03/22/23 Page 40 of 41

12:15, 12:16, 13:4, 13:5, 13:14, 13:15, 14:5, 14:6, 14:16, 14:24, 14:25, 15:5, 15:6, 15:12, 15:13, 15:22, 15:23, 16:3, 16:4, 16:23, 16:24, 17:11, 17:12, 17:17, 17:18, 17:21, 17:22, 18:6, 18:8, 18:12, 19:3, 19:10, 19:17, 19:18, 20:7, 20:10, 20:18, 20:19, 20:25, 21:1, 21:4, 21:5, 21:8, 21:9, 21:16, 21:17, 21:19, 21:20, 21:22, 21:23, 22:1, 22:2, 22:9, 22:10, 22:17, 22:18, 22:21, 22:22, 23:3, 23:5, 23:6, 23:10, 23:11, 23:14, 23:15, 23:18, 23:21, 23:25, 24:3, 24:6, 24:9, 24:13, 25:14, 25:15, 26:7, 26:8, 27:12, 27:13, 27:20, 27:21, 28:1, 28:2, 28:11, 28:12, 28:20, 28:21, 28:22, 28:23, 29:3, 29:4, 30:1, 30:2, 30:7, 31:11, 31:12, 31:16, 31:17, 31:23, 31:24, 32:3, 32:4, 32:7, 32:10, 32:13, 32:17, 32:25, 33:1, 33:3, 33:4, 33:6, 33:7, 33:9, 33:10, 33:14, 33:15, 33:18, 33:19, 33:23, 33:24, 35:1, 35:2, 35:6, 35:9

**themselves** [1] - 9:17
**therefore** [1] - 34:12
**third** [15] - 11:16, 11:21, 13:21, 14:11, 14:17, 15:4, 16:15, 17:4, 17:12, 17:16, 20:2, 20:4, 24:24, 25:5, 26:2
**thorough** [1] - 30:10
**threatened** [1] - 31:25
**threats** [1] - 34:9
**three** [4] - 10:7, 25:19, 27:8, 27:21
**throughout** [1] - 23:6
**timely** [1] - 20:15
**today** [19] - 3:3, 3:11, 4:8, 4:14, 5:5, 5:12, 5:19, 5:25, 6:13, 6:15, 7:2, 8:15, 9:7,

9:22, 21:23, 24:18, 25:10, 30:8, 34:25
**together** [1] - 30:18
**touch** [1] - 25:18
**Transcribed** [1] - 1:19
**TRANSCRIPT** [1] - 1:6
**transcript** [3] - 2:1, 35:14, 35:22
**transported** [4] - 15:2, 15:9, 17:14, 17:19
**travel** [1] - 9:3
**trazodone** [1] - 5:16
**trial** [15] - 6:15, 6:22, 6:24, 7:9, 7:14, 7:19, 7:23, 8:2, 8:8, 8:22, 9:11, 9:22, 9:24, 19:24, 20:2
**true** [18] - 10:11, 10:22, 11:2, 11:3, 11:11, 11:24, 12:12, 13:5, 13:13, 13:14, 14:6, 14:23, 15:23, 16:24, 17:10, 17:11, 19:2, 22:20
**truthfully** [1] - 4:7
**try** [1] - 7:13
**trying** [1] - 30:25
**turn** [2] - 20:19, 22:10
**twice** [1] - 10:8
**two** [5] - 13:24, 14:19, 16:17, 17:6, 25:15

## U

**U.S** [1] - 28:21
**ultimately** [3] - 19:1, 26:24, 31:21
**unanimous** [1] - 7:16
**under** [4] - 3:20, 3:24, 7:13, 26:9
**understood** [3] - 21:6, 23:12, 32:19
**unhappy** [1] - 31:20
**UNITED** [2] - 1:1, 1:3
**United** [10] - 1:9, 1:14, 2:5, 2:6, 2:7, 3:7, 3:8, 26:11, 29:8, 35:4
**up** [7] - 6:6, 6:13, 8:15, 9:7, 20:16, 25:1, 27:4
**upward** [1] - 26:19

## V

**validity** [2] - 32:11, 32:15
**varies** [1] - 27:15
**verbatim** [1] - 16:5
**verdict** [4] - 7:16,

7:18, 9:18, 9:25
**versus** [1] - 2:5
**VICTOR** [1] - 1:6
**Victor** [2] - 2:6, 4:17
**violate** [1] - 29:19
**violations** [1] - 29:24
**violent** [1] - 25:20
**visit** [2] - 6:5, 6:7
**visited** [1] - 24:16
**voluntarily** [4] - 4:15, 11:5, 11:11, 34:5
**voluntary** [4] - 3:11, 32:5, 33:8, 34:8
**vote** [1] - 28:24
**vs** [1] - 1:5

## W

**waived** [1] - 34:5
**Walker** [27] - 1:16, 2:9, 2:25, 3:17, 6:5, 6:8, 6:21, 7:6, 7:11, 8:14, 17:24, 19:4, 19:11, 20:8, 21:2, 21:10, 21:15, 21:20, 23:1, 23:21, 24:15, 25:13, 27:2, 30:15, 30:20, 32:4, 35:6
**WALKER** [15] - 1:16, 6:10, 18:7, 19:5, 20:9, 23:2, 23:24, 24:2, 24:5, 24:8, 24:12, 32:6, 32:9, 32:12, 35:8
**week** [1] - 32:20
**whatsoever** [1] - 21:24
**withdraw** [2] - 22:7, 31:19
**witnesses** [7] - 8:9, 8:10, 8:12, 8:16, 8:25, 9:2, 9:3
**wonder** [1] - 18:17
**words** [1] - 20:11
**worry** [1] - 30:16
**written** [3] - 3:15, 18:17, 34:20

## X

**X'ed** [1] - 19:21

## Y

**year** [5] - 13:21, 14:10, 16:14, 17:3, 32:21
**years** [3] - 24:25, 25:7, 26:4
**years'** [6] - 24:20, 25:3, 25:23, 27:7,

27:17, 27:23